UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Criminal No 06-CR-249(PLF) |
| MICHAEL O'KEEFE : | |

## MOTION TO MODIFY CONDITIONS OF RELEASE

Mr. O'Keefe, through counsel, respectfully moves this Court to modify conditions of release in the above-captioned case.

As grounds for this motion, counsel would state the following:

1. Mr. O'Keefe is before this Court by way of indictment after being charged with one count of conspiracy, bribery and aiding and abetting those two acts in violation 18 U.S.C. §371, 18 U.S.C. §201(e)(1) and 18 U.S.C. §2 respectively.

2. After the indictment was returned a warrant was issued for Mr. O'Keefe's arrest. At the time the bench warrant was issued Mr. O'Keefe was working for the State Department in Toronto, Canada.[1]

3. Mr. O'Keefe was asked to come to Washington and was arrested in Washington, D.C. on August 25, 2006. On August 28, 2006, after a hearing before Magistrate Kay, Mr. O'Keefe was released with the following conditions. He posted a ten thousand dollar bond.

4. He was to reside with his mother-in-law[2] in Portsmouth, New Hampshire along with electronic monitoring and other standard conditions, including surrendering his passport.

---

[1] Mr. O'Keefe has worked for the State Department since 1983 and has been assigned to various locations throughout North America, South America, and South Africa.

[2] Recently, his release conditions were modified so he could move in with his wife at 25 Beechstone, Apartment 5, Portsmouth, New Hampshire.

His release is being monitored in the community by a member of the United States Probation Department from United States District Court in Concord, New Hampshire.

5. Mr. O'Keefe would ask that his conditions be modified to Personal Recognizance for the following reasons.

6. Mr. O'Keefe is 59 years old and was born in the United States. He has worked in the Federal Government for over 26 years. He has been married for 38 years and has 3 children. A daughter who works for Microsoft Corporation in Seattle, Washington, a second daughter who works as an Assistant Director for a Television Program who lives in Los Angeles, California, and a son, Michael O'Keefe, Jr., who is a Captain in the United States Air Force stationed at Avanio Air Force Base in Italy.

7. The defendant himself was a member of the United States Air Force from 1965 to 1969. He graduated from the University of New Hampshire in 1972 with a Masters in History. From 1972 to 1980 he was a Social Studies teacher at York High School in York, Maine. In 1983 he was hired by the U.S. Department of State as an entry level officer. In 1985 he was promoted to Chief of the Immigrant Visa Section in San Jose, Costa Rica. After being transferred to various positions throughout the Department of State for several years in 1991 he was assigned as the Chief of the Investigations Unit of the U.S. Embassy in Seoul, South Korea. His next position of significance was as Refugee Assistance Officer for East Africa. His job specifically involved monitoring Refugee Programs in East Africa along with monitoring the release of over thirty-two million dollars to the United Nation Relief Programs in targeted areas in East Africa.

8. Ultimately in 2003 he was transferred to Toronto, Canada where he served as Deputy Chief for Non-Immigrant Visa Unit of the United States located in the Consulate General's Office in Toronto, Canada. Mr. O'Keefe is currently on leave with pay.

9. Counsel submits that Mr. O'Keefe is not a risk of flight or a risk or danger. The present conditions of electronic monitoring are overly restrictive, for example.

    A. Mr. O'Keefe's wife is presently very ill. This requires Mr. O'Keefe to take care of many of the chores and responsibilities around the home. However, in order for him to simply go food shopping or go to a Doctor's appointment he must notify Probation generally no less than 24 hours in advance but over 48 hours is suggested. Mr. O'Keefe suffers from Congestive Heart failure that he is on medication for.

10. Counsel would respectfully request that the bond that Mr. O'Keefe has already posted, of ten thousand dollars remain in place, and Mr. O'Keefe be placed on personal recognizance with the conditions of no contact with the codefendant, other than for attorney-client conferences.

11. Counsel for Mr. O'Keefe would request that his Condition of Release not be any more restrictive than that of his codefendant. A copy of the codefendant's release condition set by this Court is attached as Exhibit A.

WHEREFORE, for these reason and any other reasons deemed meritorious by this Court, counsel would respectfully request that Mr. O'Keefe be release on personal recognizance.

Respectfully submitted,

_____/s/_____
BERNARD S. GRIMM