IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 06-249-1 (PLF) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JOHN O'KEEFE, Sr. | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO
MODIFY CONDITIONS OF RELEASE**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's motion to modify conditions of release. In support of this motion, the United States submits the following, in addition to representations to be made to the Court at any hearing to be held in this matter.

PROCEDURAL BACKGROUND

On August 24, 2006, the defendant Michael John O'Keefe, Sr. ("O'Keefe") was arrested on a warrant issued upon an Indictment returned by a Grand Jury in the District of Columbia on August 18, 2006, charging him with federal bribery, conspiracy and aiding and abetting those acts. At his initial appearance on August 25, 2006, the government proposed a combination of conditions that it deemed necessary to assure the appearance of the defendant in court in the District of Columbia. The Court granted the government's request and ordered that the defendant post a ten thousand dollar cash bond; be electronically monitored in New Hampshire; live with his mother in New Hampshire; stay away from and avoid all communications with witnesses and the codefendant; surrender all passports; submit to drug and mental health evaluations; and remain in the continental United States with restricted travel between New Hampshire, Maine,

Massachusetts and the metropolitan Washington area. A status date was set before the Honorable Paul L. Friedman on September 1, 2006, at which time the defendant was arraigned, there was a discussion and clarification of the extent of the release conditions and the matter was continued to September 28, 2006, before the Honorable Magistrate Judge John M. Facciola for ascertainment of counsel.

On September 28, 2006, Bernard S. Grimm, entered his appearance as counsel of record and orally moved to modify the previously set conditions of release. The government orally opposed the motion at that time. The defense written motion is in support of the previously made oral motion. The government hereby submits this written opposition.

## ARGUMENT

The conditions of release originally proposed and set by the Court are reasonable and necessary to assure the appearance of the defendant. Nothing has changed since the conditions were originally set which would justify altering the conditions of release.[1] Whereas the defendant Michael John O'Keefe, Sr., has ties to the United States, he has no ties to the District of Columbia. Michael John O'Keefe, Sr. is a 59-year-old United States citizen who has been employed as a Foreign Service Officer for the United States Department of State ("State Department") since 1983. He is married and has three adult children, and claims as his U.S. residence in the State of New Hampshire. In 2003, O'Keefe was assigned to the U.S. Consulate in Toronto, Canada as the Deputy Non- Immigrant Visa Chief. The conduct that forms the basis of

---

[1] The defendant maintains that his conditions of release should not be more restrictive than that of his codefendant. The government requested that the codefendant also be electronically monitored. The failure of the Court to grant that reasonable request should have no effect on the conditions imposed on this defendant.

the charges in the Indictment occurred while O'Keefe was posted to Toronto.

The strength of the government's case, and the high potential penalties the defendant faces, give him strong incentive to flee. The indictment returned by the grand jury in this case sets forth detailed facts demonstrating that the government possesses strong evidence that the defendant engaged in a concerted scheme, while assigned as a State Department official in Toronto, Canada, to expedite visa interview appointments and issue visas in exchange for bribes. Some of that evidence is in the form of electronic communications between defendant O'Keefe and defendant Sunil Agrawal who provided benefits to defendant O'Keefe to influence him in the performance of official acts and to induce O'Keefe to act and fail to act in violation of his lawful duties. There is no evident factual or legal defense to the allegations the grand jury has lodged against the defendant.

The statutory maximum penalties of the charges in the indictment are substantial: 5 years of imprisonment for Count One (conspiracy), 15 years of imprisonment for Counts Two and Three (bribery) as well as a fine of three times the bribe amount. Each charge also carries a potential fine of up to $250,000. Even under a non-binding United States Sentencing Guidelines calculation, the final sentencing range will be numerous years even though the defendant has no known prior criminal record. Thus, the risk of remaining to stand trial and face conviction are high, indeed.

The defendant has the knowledge and means to flee and remain out of the Court's reach. The defendant is an educated world-traveler having traveled extensively abroad and been posted overseas. He has certainly developed associations around the world upon whom he could call for assistance in remaining away from the United States – including his coconspirator Sunil Agrawal

and his business associates. Although the government has possession of his United States diplomatic passport and his tourist passport, we do not know what other illegal identity or travel documents he has access to.

The strength of the case against this defendant, and the substantial potential penalty it bears, give the defendant abundant incentive to avoid conviction by fleeing, 18 U.S.C. §3142(g), and, once having fled the country, he would be extremely difficult, if not impossible, to bring back before the Court to stand trial in this case.

## CONCLUSION

The government hereby proffers to this Court that the indictment and the facts stated above, taken all together, fully support the existing conditions of release of this defendant.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the defendant be ordered to continue the present conditions of release including electronic monitoring with the modification that he be allowed to live with his wife and be allowed outside the home from the hours of 8:00 am to 6:00 pm daily and any other hours as are determined appropriate and necessary by the Probation Department.

Respectfully submitted,

JEFFERY A. TAYLOR
United States Attorney
D.C. Bar Number 498610

By: _____

BRENDA J. JOHNSON
Assistant United States Attorney
D.C. Bar No. 370737
202/353-4154
brenda.johnson@usdoj.gov
National Security Section
555 4th Street, N.W. – 11th Floor
Washington, D.C. 20530

4

5

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served by fax to counsel for the defendant:

    Bernard S. Grimm, Esquire
    503 D Street, N.W.
    Washington, D.C.  20001
    Fax - (202) 986-5475

this 10th day of October, 2006.

                                                                                                 _____
                                                                                                 Brenda J. Johnson
                                                                                                 Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 06-249-1 (PLF)** |
| | : | |
| **MICHAEL JOHN O'KEEFE, Sr.,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Upon careful consideration of the defendant's motion to Modify Conditions of Release and the government's Opposition thereto, and arguments thereupon, the Court hereby

FINDS that the combination of conditions previously set will reasonably assure the appearance of the defendant as required in this case, and it is therefore;

ORDERED that the previously set conditions will remain and the defendant shall continue to be electronically monitored pending trial in this matter and that the defendant may reside with his wife in New Hampshire and that he may be outside the home between the hours of 8:00 am and 6:00 pm daily and any other hours as determined appropriate and necessary by the Probation Department.

SO ORDERED, this _____ day of October, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

Serve:  Brenda J. Johnson
        Bernard S. Grimm, Esquire