IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 06-249-01 (PLF)** |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL JOHN O'KEEFE, Sr.** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully opposes defendant's motion to compel discovery. The defendant is seeking disclosure of identifying, non-discoverable information. The motion is without merit and should be denied. In support of this Opposition, the government states the following:

1. Defendant Michael John O'Keefe, Sr. was employed as the Deputy Chief of Non-Immigrant Visas in the Toronto, Canada consular office of the United States Department of State. On March 27, 2006, after an investigation into Defendant O'Keefe's activities had been initiated, his work computer at the United States Consulate in Toronto was seized,[1] and agents sought two separate search warrants for the defendant's personal email accounts. These warrants were sworn to on May 24, 2006, and August 9, 2006.

2. On August 24, 2006, Defendant O'Keefe was arrested on an arrest warrant issued upon a 22- page Indictment returned by a Grand Jury in the District of Columbia, charging him with bribery, conspiracy, and aiding and abetting those acts while assigned as a foreign service officer in Toronto, Canada.

---

[1] This computer was seized without any search warrant.

3. On November 6, 2006, the United States provided the defense with redacted copies of the May 24, 2006, and August 9, 2006, affidavits, among other information. Specifically, the government redacted identifying information, such as names and titles, from the affidavits; however, the full substance of information provided by each of these individuals was documented in the respective documents. The affidavits contained detailed information about the investigation, including reference to a March 14, 2006, complaint into Defendant O'Keefe's activities, as set forth in Paragraphs 12-14 of the respective affidavits. The affidavits also contained numerous other information, including information obtained from a search of Defendant O'Keefe's work computer.

4. Defendant O'Keefe moves to compel the identity of the author of this March 14, 2006, complaint, as well as the identities of any other individuals who were detailed in that complaint. In support of his motion, he argues that without a copy of this complaint, he "cannot critically evaluate whether the government had the requested [sic] probable cause." Defendant's Motion at ¶ 3. He further states that the March 14, 2006, complaint served as the principal basis for the search of the defendant's work computer at the United States Department of State. Defendant O'Keefe's arguments have no basis.

5. Although Defendant O'Keefe appears to contemplate challenging the search of his work computer, his work computer was, and is, the property of the United States Department of State. Defendant O'Keefe had no privacy rights related to that computer. Attached to this pleading as Attachment A is a Password Receipt and User Responsibility Acknowledgment form signed by the defendant on July 24, 2003, acknowledging that he had "no right to privacy on any government owned computer" and that "all computer equipment, software, and diskettes [were]

subject to periodic unannounced inspections" by the government. Similarly, a copy of the CIF06-045 warning screen that appeared every time a user logged into the OpenNet e-mail system, which set forth that the user of the system had "NO REASONABLE EXPECTATION OF PRIVACY" while using the computer and that "law enforcement officials may be authorized to access and collect evidence from this system," is attached to this pleading at Attachment B. Clearly, the State Department was within its authority to seize Defendant O'Keefe's work computer at any time and for any reason.

6.  Notwithstanding that Defendant O'Keefe has no standing to challenge the seizure of his work computer and any items on that computer, the defendant is not entitled to the identity or statements of a person(s) that may or may not be called as a witness under Rule 16 of the Federal Rules of Criminal Procedure. Aside from the government's obligation to produce material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), there is no requirement that the government disclose the identity of a person(s) who may or may not be called as a witness. See United States v. Williams-Davis, 90 F.3d 490, 512-14 (D.C. Cir. 1996), cert. denied, 519 U.S. 1128 (1997). Without any authority to support his position, Defendant O'Keefe simply asserts that he should be entitled to engage in what amounts to a "fishing expedition."

7.  In terms of the validity of the search warrants for Defendant O'Keefe's personal e-mails, there is a presumption of validity with respect to the affidavit supporting a search warrant, Franks v Delaware, 438 U.S. 154, 171 (1978). Even assuming arguendo that the individuals identified in the March 14, 2006, complaint possessed any bias or prejudice, or relied on hearsay, the fact that an agent included this information, along with a great deal of other information, in the affidavit in support of his search warrant does not provide a basis for disclosure of the

identities of these individuals.  As of present, the defendant has failed to present such a basis.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the defendant's motion to compel discovery be denied.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney
    D.C. Bar Number 498610


By: _____
    BRENDA J. JOHNSON
    DENISE CHEUNG
    Assistant United States Attorneys
    National Security Section
    555 4th Street, N.W. – 11th Floor
    Washington, D.C.  20530

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served by fax to counsel for the defendant:

    Bernard S. Grimm, Esquire
    503 D Street, N.W.
    Washington, D.C. 20001
    Fax - (202) 986-5475

this 4th day of January, 2007.

                                                      _____
                                                      Brenda J. Johnson
                                                      Assistant United States Attorney