IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 06-249 (PLF) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JOHN O'KEEFE, Sr. and | : | |
| SUNIL AGRAWAL, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT AGRAWAL'S
POST-HEARING MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY UNDER 16(a)(1)(E)**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits this reply to Defendant Sunil Agrawal's Post-Hearing Memorandum in Support of his motion to compel discovery of items that he contends are material to his case. Defendant Agrawal also seeks an unredacted copy of an unofficial calendar of expedited visa appointments maintained by an employee at the Toronto consulate. The defendant's memorandum does not provide additional grounds for the motion to compel and for the reasons stated at the hearing, in the government's opposition to defendant's motion to compel, and herein, the defendant's motion to compel discovery should be denied.

At the core of Defendant Agrawal's post-hearing memorandum is a computer-generated calendar maintained by Pat Haye, a foreign service national employee at the Toronto consulate, as an internal tracking method for expedited appointments in Toronto. The government learned that starting on October 31, 2005, the calendar was created by Ms. Haye on "Outlook" on a shared drive for the Non-Immigrant Visa ("NIV") section. This calendar is not considered an official record for expedited appointments at the Toronto consulate but rather an internal tool used by Ms. Haye and the NIV section. When the government learned about the existence of this unofficial

record, it immediately sought access to this calendar in order to provide it to the defense. For Privacy Act and other State Department considerations, the government removed information identifying a visa applicant (except STS-affiliated persons) when transmitting a copy of the document to the defense.[1] Defendant Agrawal now seeks an unredacted copy of the calendar, to include all identifying information and names that were previously blacked out.[2] Because, like all of Defendant Agrawal's previous discovery requests, this information will not lead to admissible evidence in this case, Defendant Agrawal is not entitled to these items.

Furthermore, to the extent that Defendant Agrawal maintains that the existence of this

---

[1] Pursuant to Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f), the Department of State is generally prohibited from disclosing visa records:

> The records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential and shall be used only for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States . . . .

By its terms, Section 222(f) "incorporates a Congressional mandate of confidentiality" with respect to records concerning the issuance or non-issuance of visas. Medina Hincapie v. Department of State, 700 F.2d 737, 741 (D.C. Cir. 1983). Under this statute, "the Secretary of State has no authority to disclose material to the public. In that sense the confidentiality mandate is absolute, all matters covered by the statute shall be considered confidential." Id. Additionally, some of the entries contain sensitive data regarding diplomatic relationships with other countries.

[2] Although not explicitly set forth in his pleading, Defendant Agrawal will most likely not be satisfied at merely obtaining the redacted information on the calendar. Instead, it is not difficult to foresee that Defendant Agrawal, upon receipt of the redacted information, will then be demanding all of the private visa application files of every person mentioned in the calendar. In fact, on March 26, 2007, Defendant Agrawal's counsel called government counsel and stated that he wanted all contents of the "Special Interest Folder" of Jane Boyd, a Toronto consulate employee who is referenced in the calendar. Defendant Agrawal cannot establish that the information he seeks is material and relevant to the charges in this case, and his requests should be denied.

calendar in any way gives greater weight to his existing discovery requests set forth in his original motion to compel and supplemental memorandum, he is mistaken. The government has provided Defendant Agrawal with substantial information regarding the manner in which requests for expedited visa appointments were processed in the Toronto consulate, in specific, and the United States Department of State, in general, during the relevant time period set forth in the Indictment. In addition, the government has never denied that expedited interview appointments "were routinely granted in Toronto and elsewhere." Government's Opposition to Defendant Agrawal's Motion to Compel at 15 (citation omitted). Extensive information already provided to the defendants demonstrates this proposition. To the extent that Defendant Agrawal seeks to obtain further personal information regarding people unrelated to this case who requested and received expedited visa interviews in Toronto to show that expedited visa requests were routinely granted whether the applicants were celebrities, diplomats, business people, or just average everyday individuals, he does not need this information to make that point. Nor would any such information support a contention by Defendant Agrawal that the granting of requests for expedited appointments were not "official acts" within the meaning of the statute.[3]

---

[3] As previously stated in the government's Opposition to Defendant Agrawal's motion to compel, the term "official act" means "any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit." 18 U.S.C. § 201(a)(3). Thus, evidence that "expedited appointments were granted on a routine basis, often by foreign nationals employed at consulates that surround the United States, with a minimum of justification (Post-Hearing Memorandum in Support of Sunil Agrawal's Motion to Compel Discovery Under Rule 16(a)(1)(E) (hereinafter "Defendant Agrawal's Post Hearing Memorandum") at 3)" would seem to have no bearing on whether the granting of expedited appointments constituted an official act under the statute. The statute does not differentiate whether an official act can be performed by a foreign service national, whether the act is routine or unique, or whether adequate or any justification is needed to support the act. Defendant Agrawal's contention that the discovery of the names and identities of visa applicants

Similarly, the requested identifying information would not provide evidence that would undercut the notion that "defendants conspired to 'avoid established procedures for scheduling visa interview appointments and obtain expedited visa interview appointments . . . .'" Defendant Agrawal's Pre-Hearing Memorandum at 3 (quoting Indictment, Count One, ¶ 9B). Clearly, the names and identities of individuals who sought or received expedited visa appointments would not provide meaningful information of any kind. Nor would ascertaining the exact basis for the granting or denial of an expedited appointment in Toronto or any other consulate in Canada or Mexico, should this information even be documented in any way, lead to admissible evidence in this case. For example, obtaining a document from a special interest folder for a request for an expedited appointment for an official from another consulate is not remotely connected or material to Defendant Agrawal offering and giving bribes to Defendant O'Keefe in exchange for his expediting appointments for STS Jewels-sponsored persons and subsequently granting their visas. Nor can this information be characterized as <u>Brady</u> or potentially exculpatory evidence.

Lastly, the allegation that the Indictment solely implicates the granting of expedited appointments by Defendant O'Keefe is a misreading of the Indictment in this case.[4] The existence

---

who may have received expedited appointments is material to refuting the "notion that any 'official act' is involved in granting an expedited appointment (<u>id.</u>)" is therefore without merit.

    [4]     Defendant Agrawal states in footnote 3 on page 3 of his memorandum that the Indictment does not allege "wrongful issuance of visas" by Defendant O'Keefe for STS Jewels-sponsored persons. This is a misreading of the Indictment. As set forth in the government's Opposition, the Indictment clearly states that the objects of the conspiracy were:

    A.    for the defendant [O'Keefe] to receive travel, gifts, and other personal benefits in exchange for issuing visas to benefit defendant [Agrawal] and his business, STS Jewels.

    B.    for defendant [Agrawal] to avoid established procedures for

4

of the calendar and the information stated therein regarding expedited appointments in Toronto does not provide justification for the defendant obtaining further information. Therefore, his requests should be denied.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the defendant's motion to compel discovery be denied.

>Respectfully submitted,
>
>JEFFREY A. TAYLOR
>United States Attorney
>D.C. Bar Number 498610
>
>By: _____
>BRENDA J. JOHNSON
>DENISE CHEUNG
>Assistant United States Attorneys
>National Security Section
>555 4th Street, N.W. – 11th Floor
>Washington, D.C. 20530

March 27, 2007

---

scheduling visa interview appointments and obtain expedited visa interview appointments and expedited issuance of visas, thereby saving him, his business and his employees time and money.

Indictment, Count One, ¶ 9(A) & (B).