UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 06-0249 (PLF) |
| | ) | |
| MICHAEL JOHN O'KEEFE, SR. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SUNIL AGRAWAL, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

On March 9, 2007, the United States filed under seal with the Court an ex parte motion for a protective order "to restrict disclosure and dissemination of certain documents containing information obtained from the United States Department of State ("State Department") regarding Defendant Michael John O'Keefe, Sr., which may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, in order to make this material available in discovery to Defendant Sunil Agrawal." Government's Ex Parte Motion for a Protective Order ("Ex Parte Mot.") at 1. At the Court's request, on March 12, 2007 the government filed under seal and served the original motion and its attachments on defendant O'Keefe and a redacted version of the motion, without attachments, on defendant Agrawal.

The government asserts that under the Privacy Act, it cannot share information from defendant O'Keefe's personnel filed with defendant Agrawal absent either a waiver from

defendant O'Keefe or a court order. See Ex Parte Mot. at 1-2.[1] The government represented in its motion that it had "informed counsel for Defendant Agrawal that it had provided Defendant O'Keefe with a copy of his State Department personnel file but that the government was not authorized for Privacy Act reasons to provide it to anyone other than Defendant O'Keefe or his representative absent Defendant O'Keefe's permission. The government further stated to counsel for Defendant Agrawal that Defendant O'Keefe was free to share this information with them." Id. at 2. After further communications between the parties, see id. at 2-4, the government represents that the items at issue contain Privacy Act protected information, that defendant O'Keefe has withheld his consent to the disclosure of the materials, and that "[i]n order to facilitate access by counsel for Defendant Agrawal to this material and to avoid delays inherent in an item-by-item determination of the sensitivity of the information contained therein, counsel for the United States seeks to disclose this material pursuant to a protective order." Id. at 4. The government notes that "Defendant Agrawal has made a discovery request for this information, some of which is arguably material to his defense or which the government may seek to introduce at some point during the trial." Id.

        Defendant O'Keefe filed an opposition to the government's ex parte motion for a protective order on April 9, 2007 ("Opp."). Defendant O'Keefe represents that:

---

[1]     Section 552a of Title 5 of the United States Code provides, in relevant part:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . (11) pursuant to the order of a court of competent jurisdiction[.]

5 U.S.C. § 552a(b).

>In response to the court's request counsel spoke at length with Assistant United States Attorney, Brenda Johnson, on Friday, March 23, 2007, to identify which of the one hundred and fifty-eight documents the government is seeking to admit and consequently has to produce to codefendant Agrawal. After a long discussion, Ms. Johnson disclosed that while there are only certain documents the government is seeking to admit in the personnel file other documents may invariably come into evidence. The government did not articulate any theory of relevance or any theory of admissibility regarding any specific document. In sum the government is seeking an order from the court that permits the government to disclose, if the circumstances arise, anything in Mr. O'Keefe's personnel file.

Opp. at 1-2 (footnote omitted).

Defendant Agrawal filed a response to the government's ex parte motion for a protective order on April 11, 2007 ("Agrawal Resp."). Defendant Agrawal does not object to the entry of a protective order, and he "takes no position on the underlying merits of the disclosure dispute" between the government and defendant O'Keefe. Agrawal Resp. at 2. He does, however, insist that he is entitled to receive discovery from the government if it is material to the defense or the government intends to introduce it in its case-in-chief at trial. See id. Agrawal notes that as provided for under the Federal Rules, "the government (not a co-defendant) must produce the discovery to Mr. Agrawal." Id.

>Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part that:
>
>Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
>(i) the item is material to preparing the defense;

>    (ii) the government intends to use the item in its case-in-chief at trial; or
>
>    (iii) the item was obtained from or belongs to the defendant.

FED. R. CRIM. P. 16(a)(1)(E). Under that Rule, the government must identify specifically which items it intends to use in its case-in-chief at trial. See id.; see also United States v. Anderson, 416 F. Supp. 2d 110, 115 (D.D.C. 2006). It may not, as it appears to have done in this case, identify a large number of documents that it may or may not seek to introduce at trial.

This is even more important in the context of this dispute, where the Court must weigh a criminal defendant's right to defend against his co-defendant's privacy interests. The Court therefore will require the government promptly to identify which specific documents from defendant O'Keefe's personnel files it intends to introduce in its case-in-chief at trial. See FED. R. CRIM. P. 16(a)(1)(E)(ii). It must also determine which documents it believes in good faith may be material to the defense within the meaning of Rule 16(a)(1)(E)(i).[2] The government must then seek from this Court a protective order covering those documents.[3] It must then disclose those documents to *each* of the defendants in this case. It may not circumvent its responsibilities by seeking a blanket protective order from this Court or by indiscriminately invoking the Privacy Act. Accordingly, it is hereby

---

[2] The Court's view of how Rule 16(a)(1)(E)(i) is to be read is explicated in a separate Memorandum Opinion issued in this case today. The government also is reminded of its continuing duty to disclose under Rule 16(c) of the Federal Rules of Criminal Procedure as the case goes forward.

[3] The Court assumes that the parties will be able to agree on an appropriate protective order once the government is prepared to comply with its obligations under Rule 16(a)(1)(E).

ORDERED that the government's March 9, 2007 ex parte motion for a protective order is DENIED. The government is directed to comply with the foregoing requirements within ten (10) days of the date of this Memorandum Opinion and Order.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 27, 2007