IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Case No.: 06-249 (PLF) |
| v. | : | |
| MICHAEL JOHN O'KEEFE, SR. | : | |
| SUNIL AGRAWAL | : | |
| Defendants | : | |

## GOVERNMENT'S MOTION FOR A STATUS HEARING

The United States of America, by and through the United States Attorney for the District of Columbia, hereby respectfully requests that the court schedule a status hearing in the above captioned matter for June 19, 2007. The purposes of the hearing would be to give the court and the defense an update on the progress of the search for information pursuant to the Court's April 27, 2007 memorandum opinion and order, further clarify the scope of the Court's order, set a realistic schedule with the presence of all the parties and have a speedy trial waiver and findings on the record. The trial date in this matter was originally scheduled for June 19, 2007. The government would seek the presence of representatives from the Office of the Legal Adviser of the Department of State so that the court can directly inform that office of its order and expectations.

On May 15, 2007 the parties filed a joint motion for a continuance of the May 15, 2007 deadline to file a scheduling order until May 23, 2007 fully anticipating that the government would have sufficient information prior to May 23, 2007 to propose a reasonable schedule to the defense. On May 18, 2007 the government provided the defense with the attached proposed schedule based on its knowledge at that time of the process and the volume of information

sought. The government was reluctant to propose the schedule to the Court without knowledge of the Court's schedule and the amount of time the Court will need to review the information ex parte and rule on whether it should be disclosed to the defense.[1] On May 21, 2007 counsel for the defendants in separate telephone conversations with government counsel expressed reluctance in agreeing to the government's proposed schedule or offering alternative suggested dates absent a clear time table on when they would receive the information and the volume of the information they would eventually receive from the government. The government advised counsel for the defense that it would file this instant motion for a status hearing to be held on June 19, 2007.

The Office of the Legal Adviser of the Department of State has privacy interest and foreign policy interest concerns regarding some of the requests for expedited appointments and seeks protection for any and all documents that may include requests for medical emergencies listing conditions and circumstances, requests from foreign authorities or requests that include names or personal information of any persons not directly related to this case. The government will provide any materials obtained directly to the defense that do not fall into these categories.

The Court at this stage is not in a position to state how long it will take for an ex parte review of the documents absent some sense of the volume. The government hereby is attempting to give the Court and the defense an idea of the volume as determined to date. The consulate in Toronto, Canada was unique in that it designated expedited requests by using a particular "blue sheet" notation. The Toronto consulate from January 2004 to March 2006 has determined there

---

[1] The government is aware that the court has ruled on the issue of providing certain information. The government believes after the court views the actual documents and further considers the privacy interest and foreign policy interest concerns of the Department of State, in light of the facts in this case, the court will either restrict the disclosure as having no relevance or materiality to this case or enter a protective order governing disclosure.

are 418 standard size 12 by 15 inch government storage boxes containing numerous bundles of folded and bound visa applications in chronological order which are tied with string on two sides. There are 40 boxes of refused visa applications for the same time period maintained in the same manner. Due to the nature and manner in which the records are kept, and must be maintained, it would take approximately one hour to examine each box. Any relevant blue sheets or requests for expedited appointments contained therein would have to be copied and the originals returned in the proper chronological order. It would thereby take one person working 40 hours a week without ceasing approximately twelve weeks[2] to examine the Toronto boxes for requests for expedited visas.

Initially, many of the documents from the Mexican posts will be in Spanish. The Nogales, Mexico consulate from January 1, 2004 to June 30, 2004 has identified 10,420 applications that would have to be located in a storage facility and hand searched to determine if there were any requests for expedited appointments. The Nogales consulate did not use separate forms and simply wrote the words "courtesy appointment" on the top of the application.[3] They have estimated four boxes being sent to Washington and four discs containing approximately 302 megabytes of information that may be responsive to the overall request in addition to the 10,420

---

[2]The government is certainly going to have more than one person search through the boxes and the information is provided to give the Court and the defense a realistic sense of the magnitude.

[3]The government has always maintained that expedited appointments were granted for a variety of reasons. The government has been and continues to maintain that it would stipulate to this fact. The fishing expedition/exercise of searching through 10,420 plus applications to provide the court with a xerox copy of a piece of paper with nothing else other than courtesy appointment written on it is meaningless and a waste of everyone's time including the court. Further providing, subject to a protective order, personal information about some person who had for example an emergency medical need to travel to the United States is also meaningless and would not result in relevant admissible evidence in the instant matter.

applications which must be hand searched for the words "courtesy appointment."

In Mexico City, Mexico the Officer of the Day (OOD) is assigned to emergency and special cases. There is a 450-page document containing names of persons on the OOD schedule during the time frame. In addition, they have identified 196 separate emails between consular staff discussing expedited requests. This does not necessarily reflect 196 expedited appointments because the correspondence went back and forth about a particular request. The Mexico City Embassy also has 85 megabytes of electronic data to review.

The government will have a better sense of the progress of the review process and the volume from Ottawa, Canada; Nuevo Laredo, Mexico and Matamoros, Mexico on June 19, 2007 and anticipates being in a position to provide the Court and the defense with adequate information to make any adjustments, if necessary, to the government's proposed schedule.

Wherefore, the United States respectfully requests that the Court grant the motion for a Status Hearing to be held June 19, 2007.

                                          Respectfully submitted,

                                          Jeffrey A. Taylor
                                          UNITED STATES ATTORNEY
                                          D.C. Bar Number 498610

                        By: _____

                                            Brenda J. Johnson
                                          Denise Cheung
                                          Assistant United States Attorneys
                                          National Security Section
                                          United States Attorney's Office
                                          555 4th Street, N.W. – 11th floor
May 22, 2007                              Washington, D.C. 20530