### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Case No 1:06-cr-00249-PLF |
| | ) |
| MICHAEL JOHN O'KEEFE, SR. and | ) |
| SUNIL AGRAWAL, | ) |
| | ) |
| Defendants. | ) |

### PROTECTIVE ORDER

Upon consideration of the parties' Joint Motion for a Stipulated Protective Order, IT IS HEREBY ORDERED THAT:

1. All documents that the government provides to defendants pursuant to the Court's April 27, 2007 Memorandum Opinion and Order ("April 27 Order"), and which contain either (i) personal information—including but not limited to records of contacts with family members, doctors, or other personal contacts, social security numbers, home telephone numbers, residential addresses, or personal email addresses—or (ii) sensitive government information—including but not limited to U.S. Department of State and diplomatic and consular office records pertaining to the issuance or refusal of visas or permits to enter the United States, official foreign correspondence, law enforcement materials, or materials implicating national security concerns—(hereinafter "Protected Material") are and remain the property of the United States.

2. To facilitate the discovery process, the government may designate as protected all documents provided to the defendants pursuant to the Court's April 27 Order. The government will notify defendants, through their counsel of record, when any Protected Material is being provided subject to this Order by clearly indicating on both (i) the box, envelope, CD, DVD, or other production medium and (ii) the accompanying production index and cover letter

that such materials are "SUBJECT TO PROTECTIVE ORDER." Should a defendant object to the designation of a specific document or category of documents designated by the government as Protected Material, that defendant will request, in writing, that the government reconsider or narrow its designation. If the government does not agree to such a request, the defendant may ask the Court, with notice to the government and an opportunity for the government to respond, to resolve the matter. The government will then be required to demonstrate to the Court a sufficient and particularized basis for preventing the public disclosure of the contested material. However, any material for which the applicability of this Order is contested, shall remain protected under this Order until such time as the Court resolves the matter.

3. Inadvertent failure to designate protected documents that are entitled to protection under this Order shall not constitute a waiver to a claim that such materials are covered by this Order. Upon learning of an inadvertent disclosure of materials that were not properly designated as protected, the government may immediately advise the counsel of record to whom such disclosure was made, from which point, such counsel will treat the material as protected pursuant to this Order.

4. Protected Material may be utilized by the defendants and their counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

5. Any Protected Material, or protected information contained therein, shall not be disclosed to any person or entity, except that protected information may be disclosed to defendants, defense counsel, persons employed by defense counsel to assist in the defense, including clerical, paralegal, or other support staff, and other persons necessary to the preparation of the defense, including potential witnesses, their counsel, and experts.

6. Defense counsel shall provide all persons that are provided access to any Protected Material or its contents with a copy of this Order, and each such person shall indicate their understanding of this Order and their commitment to abide by its terms by signing a copy thereof.

7. No copies or reproductions may be made of the Protected Material, except so as to provide copies of the materials for use by the defendants, their counsel, and persons employed by them, and such other persons necessary to the preparation of the defense. Such copies and reproductions shall be treated in the same manner as the original Protected Material.

8. All disclosure restrictions provided for in this Order are limited to discovery and do not apply to Protected Material filed with the Court or offered as evidence at trial or a hearing. However, if counsel wish to use or refer to Protected Materials (or a portion thereof) in a filing, a hearing, or at trial, counsel shall confer, to determine whether they can agree upon redactions in order to address any privacy or government sensitivity concerns. If counsel cannot agree, they shall raise the matter with the Court for resolution. The Court shall not restrict from public disclosure material which a defendant seeks to file with the Court or offer in a hearing or as evidence at trial unless the government demonstrates to the Court a particularized basis for preventing disclosure, and the Court makes specific findings justifying nondisclosure. Contested material may not be publicly used by counsel until the Court resolves the matter.

9. Upon the conclusion of the proceedings in this case, including any appeals, the Protected Material and all copies or reproductions made thereof shall be either (i) returned to the United States, or (ii) destroyed. If the documents are not returned, counsel shall deliver a certification to the United States Attorney's Office indicating that any protected

material or copy thereof which has not been returned has been destroyed under the supervision of such attorneys.

        SO ORDERED.


Dated: _____                _____
                                                    PAUL L. FRIEDMAN
                                                    United States District Court Judge