**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 21, 2007

BY HAND DELIVERY

Bernard S. Grimm, Esquire          Thomas C. Green, Esquire
503 D Street, N.W.                 Sidley Austin LLP
Washington, D.C. 20001             1501 K Street, N.W.
                                   Washington, D.C. 20005

      Re:   United States v. Michael John O'Keefe, Sr. and Sunil Agrawal,
            Criminal No. 06-249 (PLF)

Dear Mr. Grimm and Mr. Green:

     Please find attached additional materials related to this case.

STS Jewels Employee Applications

     Please find attached copies of the files for the additional following STS Jewels, Inc. individuals. You have also received copies of the files of the remaining STS Jewels, Inc. employees in the government's February 23, 2007, and March 6, 2007, letters.

1. Paramjeet Singh Bhatia (1/05)[1]
2. Farhath Zehra Sayed

     In an attempt to be as comprehensive as possible, the government searched the Consular Consolidated Database ("CCD") for references to "STS Jewels" and "Sunil Agrawal" from a period of January 2004 to present, and obtained results on the twenty-three visa applications on

---

    [1]    In the government's February 23, 2007, correspondence, the defense was provided with a copy of Mr. Bhatia's March 2005 visa application. In addition, the government noted that Mr. Bhatia was not yet an employee of STS Jewels at the time of his January 2005 visa application, and STS Jewels was not listed as a petitioner or employer of him on his visa application. Instead, Defendant Agrawal served as his contact on the visa application.

behalf of twenty-one applicants,[2] as set forth in the February 23, 2007, letter. Based upon information currently known to the government, these twenty-three applications, with the exceptions set forth below, were the only applications submitted on behalf of Defendant Agrawal and/or STS Jewels during this time period.

The government also ran a phone number affiliated with Defendant Agrawal, "7183061700" in the CCD database for all visa applicants at the Toronto consulate. An additional name, that of Giraben Rathod, arose. Ms. Rathod's name was originally included in a facsimile and letter dated March 29, 2006 (faxed April 6, 2006), along with the names of various STS Jewels employees. Another facsimile was submitted on her behalf in the name of STS employee Steve Heath on June 15, 2006, and she was issued a visa by Defendant O'Keefe on June 28, 2006.[3] In light of Ms. Rathod's affiliation with STS Jewels, the government requested that "Jewel Gem" be run as a search term for visa applicants in Toronto and came up with Ruhail Sumbli's name as the only additional visa applicant from Jewel Gem in Toronto (aside from Ms. Rathod) from January 1, 2004, to present. Mr. Sumbli's visa application was processed by Defendant O'Keefe as well. A copy of Ms. Rathod and Mr. Sumbli's visa applications are attached to this correspondence. Also attached is a copy of Mr. Sumbli's CCD form.

Similarly, the following other searches were executed in the CCD database for all visa applicants at the Toronto consulate from January 2004 to present based upon possible connections with the listed addresses or affiliates of STS Jewels and/or Defendant Agrawal: "30-0 47th St. Long Island City, NY;" "3000 47th Street;" "3000 47 Street;" "3000 47th;" "3000 47th St. New York;" "30-00 47th St. NY;" "250 W. 50th St. New York, NY;" "250 West 50th;" "250 W. 50th Street NY;" "250 W 50 St.;" "250 West 50th;" "STS Gems'" "Indo Mexico;" "Genoa Jewelers;" "STS Creations;" "STS Creations Thai;" "Vaibhav Gems;" "Vaibhav;" and "Jewelry Channel." No additional visa applications in Toronto, other than the twenty-three visa applications set forth above, were generated by these searches.[4]

Toronto

You have already been provided with details regarding the Toronto consulate's expedited visa policy. In addition, during the period that Michael Schimmel was Non-Immigrant Visa ("NIV") Chief in Toronto, he authorized a foreign service national, Pat Haye, to retrieve

---

[2]   Two visa applicants, Paramjeet Singh Bhatia and Praveen Tiwary, applied for visas from the Toronto consulate on two separate occasions during the period set forth in the Indictment.

[3]   Ms. Rathod's application is referenced in Count 1, Overt Act 65, of the Indictment. Her CCD form was previously transmitted to you.

[4]   Moreover, no STS-affiliated applicant applied for a visa from the Toronto consulate from 2001 through 2003.

-2-

facsimiles for expedited appointments and to make certain determinations as to whether an expedited appointment should be granted. At times, Ms. Haye would pass on all expedited appointment requests to him. However, on other occasions, pursuant to her delegated authority, she unilaterally granted expedited interviews for emergencies and business reasons. Ms. Haye could only approve appointment requests, not deny them, and would forward on any expedited appointment requests to Mr. Schimmel if she was unsure about whether the request should be approved or denied. Mr. Schimmel would then review the requests and initial the appropriate action item on the blue slip to reflect his determination decision.

According to Mr. Schimmel, Defendant O'Keefe expressed his disagreement with Mr. Schimmel's delegation of any expedited appointment authority to Ms. Haye. When Mr. Schimmel instituted this policy around the fall of 2005, Defendant O'Keefe told Mr. Schimmel that the responsibility of authorizing expedited appointments should only fall to American consular officers because it was too significant a responsibility to be entrusted to foreign service nationals.

NIV Expedited Visa Calendar at Toronto Consulate

The government has recently learned of the existence of a calendar system that was maintained by Ms. Haye as an internal tracking method for expedited appointments in Toronto. Starting on October 31, 2005, the calendar was created by Ms. Haye on "Outlook" on a shared drive for the NIV section. This calendar is not considered an official record for expedited appointments at the Toronto consulate but rather an internal tool used by the NIV section. The government has attached a redacted copy of the calendar spanning from October 31, 2005 to March 9, 2007. Any information which could be used to identify a visa applicant (except STS-affiliated persons) has been removed. In terms of initials used, it is believed that "MS" refers to Michael Schimmel, "PH" refers to Pat Haye, and "MO" refers to Defendant O'Keefe.

Toronto Website

Some parts of the Toronto consulate's published expedited visa policy was changed on or about August 2006. The policy is set forth at the following web site: http://toronto.usconsulate.gov/content/content.asp?section=visas&document=exped_appt_req, which reads in part:

> Applicants may request an expedited appointment by fax addressed to U.S. Consulate Toronto/CONS/NIV, 416-595-5466. The NVARS reference # must be contained in the fax heading.
>
> Please send ONE request that contains the following information on each visa applicant:
>
> - full name, date and place of birth, nationality;
> - NVARS reference #;
> - current visa status in Canada and the U.S. (if any);

-3-

- email and postal mail address, home/work/cell phone and fax number;
- descriptive reason for seeking an expedited appointment:
  - an immediate relative's death, grave illness or life threatening accident, with the name, relationship, place and description of the matter; attending physician or funeral home's contact information;
  - a lost or stolen visa with evidence that it has been reported to the police;
  - an unexpected visit that is in the grave national interest of the U.S., cultural, political, journalistic or economic, and not only to the applicant or his/her firm alone;
  - a first time applicant for a student (F/M/J) visa whose I-20 or DS-2019 shows a start date that is earlier than the first available appointment;
  - a Visa Waiver Program citizen whose passport is not machine readable;
  - a previously issued visa that contains an error (no NVARS reference # needed).

Expedited appointments are generally unavailable to applicants who:

- have no long term resident (e.g. immigrant, worker or student) status in Canada;
- are now unlawfully present in the U.S.;
- are now in the U.S. as visitors;
- are responding to an appointment at a Canadian immigration office for review of their immigration status in Canada;
- apparently wish to avoid a return home;
- already have an appointment elsewhere and are apparently seeking from multiple locations another visa adjudication venue;
- may require lengthy special processing or clearances that obviate an expedited appointment's goal of an early return to the U.S.;
- send multiple requests.

No assurance is made that any applicant may receive an expedited appointment. Urgent personal needs, which have no link to any national interest of the U.S., or a desire to avoid an expensive trip home, are not emergencies for the purpose of an expedited appointment.

U.S. law places the burden of qualifying for any visa solely on the applicant. Appearance for an expedited appointment does not guarantee visa eligibility.

We hope to reply by fax or email to these requests by COB within two business days. Applicants must bring all documents that are required of usually scheduled applicants plus our approval of their expedited appointment.

No assurance is made that an approved visa will be issued on the same day or in time to suit the applicant's travel plans.

The web site also provides access to an "Expedited Petition-Based Employment Visa Appointment Request" form, which is attached to this correspondence.

Sincerely,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:   Brenda J. Johnson
      Denise Cheung
      Assistant United States Attorneys
      National Security Section

Attachments