IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No 1:06-cr-00249-PLF/JMF |
| ) | |
| MICHAEL JOHN O'KEEFE, SR. and ) | |
| SUNIL AGRAWAL, ) | |
| ) | |
| Defendants. ) | |

**JOINT REPLY TO GOVERNMENT'S RESPONSE
TO DEFENDANTS' PROPOSED REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE**

Pursuant to the Court's September 25, 2007 minute order, defendants, through counsel, submit this Reply to the Government's Response to Defendants' Proposed Request for International Judicial Assistance. For the reasons set forth below, the government's arguments amount to little more than a thinly-camouflaged attack on the Court's September 13, 2007 Order and should be rejected.

The government raises two arguments. Gov't Response at 1. *First*, the government complains that the general Lines of Inquiry attached to the Letter Rogatory "are overly broad in scope." *Id*. at 4. *Second*, the government claims that is improper to ask the foreign citizen deponents to bring with them to the deposition "all documentation *in their possession, power, or control*" that touch upon the proceedings. *Id*. at 3.

**I.   THE LINES OF INQUIRY IN THE LETTER ROGATORY ARE IN PERFECT
HARMONY WITH THE COURT'S ORDERS IN THIS CASE**

This Court has already rejected the government's efforts to prevent defendants from obtaining critical evidence from these Canadian citizens—despite two Court orders acknowledging the materiality of this evidence. *See* Memorandum Opinion and Order, 2007 WL

1239204, at * 3 (D.D.C. April 27, 2007) ("April 27 Order"); Memorandum Opinion and Order, 2007 WL 2683635 (D.D.C. September 13, 2007) ("Sept. 13 Order"). The Court's orders are crystal clear, and the "scope" objections raised by the prosecution have no merit.

In both the April 27 and September 13 Orders, the Court focused on two reasons why the evidence (either written or testimonial) from the Canadian citizen employees regarding expedited visa interview appointments is material to the defense. *First*, such evidence may demonstrate that no "official act" was performed. *See* April 27 Order at *1; Sept. 13 Order at *2. *Second*, such evidence may undercut the government's ability to prove a *quid pro quo*. *See* April 27 Order at *1, 3; Sept. 13 Order at *3. All lines of inquiry touching on these two areas are therefore clearly permissible.

Given these holdings, there is no basis for the government's continuing efforts to hobble the defendants' ability to obtain this evidence. In particular, the government objects to the defense questioning the witnesses about:

- Their "discussions with defendant O'Keefe or any other consulate officer generally or specifically regarding expedited visa appointments, Gov't Response at 4;

- Their "knowledge regarding expedited visa interview appointments granted to employees of STS Jewels, Inc.," *id*.;

- "The changes that were made to the consulate's expedited visa appointment policies after the Indictment was issued against defendant O'Keefe," *id*.;[1]

- "The witnesses' knowledge or possession of written expedited interview appointment requests, and approvals thereof, which were granted by any Canadian citizen employee of the consulate," *id*.

---

[1] Contrary to the government's representations, this line of inquiry is not "suspect." *See* Gov't Response at 4. Written discovery strongly indicates that prior to the issuance of the Indictment the Toronto consulate granted <u>virtually all</u> expedited requests and in reality had few, if any, procedures in place. Post-Indictment establishment of consulate policy regarding expedited visa interview appointments shows the absence of "established procedures" during the time period at issue in the Indictment. *See* Indictment ¶ 9B (alleging that an object of the conspiracy was "to avoid *established procedures* for scheduling visa interview appointments") (emphasis added).

2

*First*, these Lines of Inquiry "go directly to the defense showing that the requests made by or on behalf of STS employees are similar to other requests for expedited visa interview appointments that … have been routinely granted without the provision of anything of value." April 27 Order at *3. These Lines of Inquiry also directly relate to numerous allegations in the Indictment, including for example, charges that Mr. O'Keefe violated "established procedures" regarding visa appointments. *See, e.g.*, Indictment ¶¶ 4-10. Mr. O'Keefe worked with the deponents every day during his tenure at the Toronto consulate. It is absurd to preclude deponents from testifying regarding the goings-on of the consulate and their interactions with Mr. O'Keefe as those topics relate to the Indictment.

*Second*, to the extent the Court allows the government to place limitations on the existing Lines of Inquiry, the prosecution will almost certainly use those limitations as a basis for instructing the witnesses not to answer. If that happens, the only result will be additional delay and cost to the defendants—*i.e.*, from taking the depositions over. It is time for the prosecution to undertstand that they have lost this motion. If a question seeks irrelevant testimony, then the time to exclude it is at trial, not during the deposition.

*Finally*, because the deposition testimony of the four witnesses is being preserved for use at trial, and because the prosecution seems intent on raising even the most hollow objections regarding the depositions, defendants respectfully request that the Court sign and seal the revised Letter Rogatory and "Lines of Inquiry" schedule filed with this motion. While the revised "Lines of Inquiry" do not broaden the scope of the deposition, they provide more granular detail regarding the questioning that will take place.[2] In particular, defendants believe the revised schedule will preempt unfounded objections during the depositions that could

---

[2] While the "Lines of Inquiry" are intended to assist the Canadian Court in evaluating a request for judicial assistance, those "Lines of Inquiry" are simply a broad and general outline of the topics that may be covered in a deposition. They are not "interrogatories" or a specific list of the questions that will be asked.

3

inappropriately disrupt the examination—an examination that may well be presented to a jury by means of video recording or other means.

## II. THE DEPONENTS SHOULD BE REQUIRED TO PRODUCE RELATED DOCUMENTS THAT ARE WITHIN THEIR POSSESSION, CUSTODY, OR CONTROL

Federal Rule of Criminal Procedure 15 provides: "If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including *any* book, paper, document, record, recording, or data." Fed. R. Crim. P. 15(a)(1). In addition, pursuant to a letter rogatory, a Canadian court may "command … the production of any writings or other documents mentioned in the [U.S. court's] order and any other writings or documents relating to the matter in question …." Canada Evidence Act § 46(1).[3] This Court's and the Canadian courts' power to compel the production of documents from witnesses is unequivocal.

Of course, persons under subpoena are only required to—and only can—produce documents that are in their "possession, custody, or control." *See, e.g.*, Fed. R. Civ. P. 45(1)(C); Fed. R. Crim. P. 16(a)(1)(E); Canada Evidence Act § 46(1) (requiring production of writings that "are in the possession or power of that party or witness."). It is generally accepted that corporate records *legally* belong to the corporation, not to its employees, and governmental records *legally* belong to the government, not to its employees. *See, e.g.*, WRIGHT & MILLER, 8A FEDERAL PRACTICE & PROCEDURE § 2210 (2d ed.) (Inspection can be had if the party to whom the request is made has the legal right to obtain the document …"); *see also United States* v. *Miller*, 425 U.S. 435, 440-41 (1976).

Thus, there is no basis for the government's expressed concern that the Letter Rogatory would require these individuals to re-copy and reproduce the documents already

---

[3] *Available at* http://laws.justice.gc.ca/en/ShowFullDoc/cs/C-5///en (last visited October 1, 2007).

produced by the Toronto consulate. The law does not require that, and the argument is nothing but a red herring. *See* Gov't Response at 2-3. Had the government's counsel conferred with the defense prior to filing this pleading, the entire issue could have been avoided. However, given that the "issue" has been teed up by the government, it is appropriate for the Court to clarify the three minor issues regarding the scope of the *duces tecum* requirement.

*First*, the Letter Rogatory's request that the deponents "bring with them to the examination all documentation in their possession, power or control touching upon these proceedings including, but not limited to, the lines of inquiry identified in Schedule A" is not "unnecessary" nor does it go "beyond the Court's September 13, 2007 Order." Accordingly, this language should remain in the Letter Rogatory. *Id*. at 3-4. This request will ensure that defendants receive documents that are material to the defense that (i) may be within the personal possession, custody, or control of the deponents; (ii) deponents *believe* are within their personal possession, custody, or control; or (iii) deponents failed to provide to the government in connection with the Court's April 27 Order. Such documents could potentially include, for example, email communications sent via personal Internet email accounts, handwritten notes, diaries, or journals, or documents stored in "personal" space on computers or hardcopy files relating to expedited appointments of celebrities, friends, or other applicants. *See, e.g.*, *United States* v. *Safavian*, 233 F.R.D. 12, 19 n.4 (finding that "investigating records kept by [] individuals *personally*" is an "important part of the government's fulfillment of its *Brady* obligations").

*Second*, in order to avoid further baseless "scope" objections during the depositions—and in accordance with the September 13 Order and the purpose of the depositions—defendants have prepared a revised "Lines of Inquiry" schedule. The new schedule makes clear, for example, that defendants may ask deponents questions regarding compliance

5

with the April 27 Order relating to the production of documents regarding expedited appointments.

*Finally*, although the Letter Rogatory clearly does not require employees to reproduce discovery that the government has provided to the defense, the government must comply with the April 27 Order. The government certified to the Court that it would complete its productions by August 1, 2007—yet two months later, the government is still producing documents, and there are serious reasons to believe that the various consulates have not fully complied with the April 27 Order.[4] Therefore, prior to the depositions, the *government* should produce any outstanding discovery and certify to the Court that it has made a reasonable, good faith search for all responsive material.

Dated: October 2, 2007                    Respectfully submitted,

_____/s/_____
Thomas C. Green (D.C. Bar #14998)
Mark D. Hopson (D.C. Bar #394338)
David J. Ludlow (D.C. Bar #489136)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000


_____/s/_____
Bernard S. Grimm
LAW OFFICES OF BERNARD S. GRIMM
503 D Street, NW
Suite 250
Washington, DC 20001
(202) 371-0300
(202) 986-5475 (fax)
*Counsel for Defendant Michael John O'Keefe*

---

[4] Defendants intend to file a motion to compel shortly to address certain discovery issues raised by the government's productions.