**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 1, 2007

HAND DELIVERY

Bernard S. Grimm, Esquire  　　　　Thomas C. Green, Esquire
503 D Street, N.W.　　　　　　　　Sidley Austin LLP
Suite 250　　　　　　　　　　　　1501 K Street, N.W.
Washington, D.C. 20001　　　　　　Washington, D.C. 20005

　　　　Re:　United States v. Michael John O'Keefe, Sr. and Sunil Agrawal,
　　　　　　Criminal No. 06-249 (PLF)

Dear Mr. Grimm and Mr. Green:

　　　This letter is to provide you with the final responsive materials pursuant the Court's April 27, 2007, memorandum opinion and order and subject to the July 3, 2007, protective order. All materials provided herein are subject to the protective order and are hereby so designated.

　　　The following documents from Nogales, Mexico are in electronic format and labeled NOG_0013005 through NOG_0013680. These documents were obtained pursuant to an electronic search using the search terms "courtesy appointment" or "cita de cortesia."

　　　The following attached documents from Toronto, Canada are the results of a search of off-site storage facilities and are labeled TOR_ 0012475 through TOR_0015943.

　　　There may be a possibility that we will be providing you with additional materials related to an electronic data dump from Minacs Worldwide, Inc., which was the outsource call center for scheduling non-immigrant visa appointments in Canada prior to NuComm International. The government referenced Minacs in its April 13, 2007, correspondence. The government had repeatedly requested that Minacs check its database to determine if they had the ability from January 2004 to December 2005 to determine, which, if any, appointments were expedited by the consulate in Toronto. Eventually, Minacs provided a data dump of whatever residual information on visa appointments that was remaining on their system and which had not been wiped out. Minacs representatives have stated that they do not believe that anything in this residual data would allow anyone to determine whether any appointments were expedited or not. The government is continuing to probe the extent of what information regarding expedited

interviews during the January 2004 to December 2005 time frame, if any, can be ascertained. Once all efforts have been exhausted, we will inform you in writing regarding the results of these efforts.

                              Sincerely,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY

By:                      Brenda J. Johnson
                              Denise Cheung
                              Assistant United States Attorneys
                              National Security Section

Attachment