**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 7, 2006

<u>BY HAND DELIVERY</u>

Bernard S. Grimm, Esquire
503 D Street, N.W.
Suite 250
Washington, D.C. 20001

Thomas C. Green, Esquire
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

Re: <u>United States v. Michael John O'Keefe, Sr. and Sunil Agrawal,</u>
Criminal No. 06-249 (PLF)

Dear Mr. Grimm and Mr. Green:

This letter is in response to your discovery requests pursuant to Rule 16 of the Federal Rules of Criminal Procedure in the above-captioned matter and to supplement materials that have already been provided to you by the government. The following items are enclosed pursuant to your requests:

1. A DVD containing emails and pictures recovered from the U.S. States Department computer profile "Okeefemj." In addition, the DVD contains emails and an address book for Yahoo/Rogers account mikeokeefe@rogers.com.
2. Copies of 4 photographs taken outside The Brass Rail in Toronto.
3. Copies of American Express bills of Sunil Agrawal of STS Jewels, Inc. ("STS") from January 2002 to June 2006.
4. Diagram of the Consular Section in Toronto.
5. Photographs of the Consular Section in Toronto.
6. Copy of the Blue sheet used to schedule expedited appointments.
7. Copies of photographs taken on trip to New York.
8. Copies of fax communications from Sunil Agrawal to Michael O'Keefe with fax receipt dates of April 6, 2006; February 9, 2006; March 29, 2006; September 30, 2005; September 6, 2005; July 27, 2005.
9. On October 12, 2005, a visa was issued to Aseem Sharma, an STS Jewels sponsored person, by a consular officer other than Defendant O'Keefe. The issuance was mentioned in an email from Defendant O'Keefe to

-2-

Defendant Agrawal. A copy of the consular data base records for the issuance is enclosed.
10. Visa application forms.

Should you wish to examine the original documents and items set forth above, please contact us so that appropriate arrangements may be made.

Additional information regarding benefits provided to Defendant O'Keefe by Defendant Agrawal

You are hereby advised that in addition to the items previously disclosed, Defendant O'Keefe also received a rental car in Las Vegas that was paid for by Defendant Agrawal and a dinner at the Mirage Hotel. Defendant Agrawal paid for the airline tickets for Amy Chan (AC), an exotic dancer from Toronto to Las Vegas. Defendant Agrawal also gave two exotic dancers, AM and MS, a pair of earrings in New York. All three dancers received rings from STS Jewels that were sent to Defendant O'Keefe at the Consulate in Toronto.

On June 4, 2006, Defendant O'Keefe, AM, and MS attended a dinner event at the Bellagio Hotel Jewelers for Children and were seated at the table with Defendant Agrawal. Defendant Agrawal paid $500 per person at this event. On June 5, 2006, Defendant O'Keefe, AM, and AC attended a Jewelers Association dinner at the Venetian Resort Hotel and Casino. This dinner was also paid for by Defendant Agrawal.

Statements of Defendant Agrawal

On August 24, 2006, after Special Agent Jeffrey A. Ford with the Diplomatic Security Service ("DSS") of the United States Department of States inquired about Defendant Agrawal's whereabouts, an employee in the New York office of STS arranged for telephonic communication with Defendant Agrawal. During a series of telephone calls, Agent Ford identified himself by name and agency and told Defendant Agrawal that he was verifying employment for STS employees for visas. Agent Ford told Defendant Agrawal that he needed to speak to him and asked where he was currently located. When Defendant Agrawal replied that he was in London but that he could come back, Agent Ford said that they had an agent located in London who could contact him there. Agent Ford requested, and was given, your client's contact information in London.

On September 26, 2006, when agents arrested Defendant Agrawal at Dulles Airport, he spontaneously stated, "Who is Jeff Ford" and "Are you the case agent?" Defendant Agrawal also made the following statements: "How did you find out I was on the plane? Were you waiting for me, or did someone call you ahead of time? How long is this process going to take?"

Statements of Defendant O'Keefe

On August 24, 2006, when agents with the DSS advised Defendant O'Keefe in his hotel room of the charges against him and of their intent to arrest him on an outstanding warrant, he

stated, " I didn't do anything. I don't understand." Defendant O'Keefe further said, "I was a police officer before, If I'm under indictment, I want a lawyer. I don't understand, I've known Sunil for a long time, and we are friends. I never took any money." While still in the hotel room, the agents asked for consent to search Defendant O'Keefe's suitcase, and he initially told them to "go ahead and look at it," before immediately retracting the statement by saying, "No, well maybe you shouldn't."

While transporting Defendant O'Keefe to the First District police station for processing, the agents inquired into whether he was comfortable. Defendant O'Keefe replied that the agents were "really handling this well" and that they were "being really professional." At the station, Defendant O'Keefe told the police that he was feeling sick. He then asked the agents if they could get his medication, which was located in his suitcase. The agents asked Defendant O'Keefe if they could search his suitcase to do so. He initially replied in the affirmative but later retracted the statement and said, "No." Defendant O'Keefe then asked the agents if he should go to the hospital. An agent told him that if he was feeling ill, then he should go to the hospital. While sitting in the cell, Defendant O'Keefe was apparently talking to himself. An agent overheard him say: "I didn't take any money." The agents arranged for a long distance telephone call to Defendant O'Keefe's wife in Toronto. After he got off the telephone with his wife, Defendant O'Keefe spontaneously stated, " That is really below the belt showing pictures to my wife."

The government will continue to provide discovery to which you are entitled, as it becomes available. The government requests that all reciprocal discovery likewise be produced on a continuing basis by the defense. Please contact us if you have any questions regarding these matters or any other aspect of the case.

          Sincerely,

          JEFFREY A. TAYLOR
          UNITED STATES ATTORNEY

By:      Brenda J. Johnson
          Denise Cheung
          Assistant United States Attorneys
          National Security Section

Attachments