AO 283 (Rev. 5/91) Subpoena to Testify before Grand Jury

# United States District Court

FOR THE _____ DISTRICT OF _____ COLUMBIA

## SUBPOENA TO TESTIFY BEFORE GRAND JURY

SUBPOENA FOR:
[ ] PERSON  [x] DOCUMENT(S) OR OBJECT(S)

IN RE: POSSIBLE VIOLATION OF:

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM | 3rd Floor |
|---|---|---|
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA United States Courthouse Third & Constitution, N.W. Washington, D.C. 20530 | | GRAND JURY ROOMS |
| | DATE AND TIME | |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

See Attached

COMPLIANCE MAY BE MADE BY MAILING THE REQUESTED DOCUMENTS VIA CERTIFIED MAIL TO THE UNDERSIGNED ASSISTANT U.S. ATTORNEY AT THE ADDRESS BELOW.

☐ Please see additional information on reverse.

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

U.S. MAGISTRATE JUDGE OR CLERK OF COURT
NANCY MAYER-WHITTINGTON

(By) Deputy Clerk

This subpoena is issued on application of the United States of America

DATE

NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY

1401 H Street, Suite 3700
Washington, DC 20005
202-307-6694

* If not applicable, enter "none".

testify under oath about methods of compliance and whether all documents described in this subpoena schedule have been produced.

D. Your Company may also comply with the subpoena, in lieu of producing documents before the grand jury, by producing documents required by the subpoena by courier or overnight delivery to the address listed in ¶ IV.D., provided that each of the following requirements is met:

(1) Your Company gives notice that it will produce documents by mail to the Department of Justice a minimum of fourteen (14) days before the date of its scheduled appearance before the grand jury;

(2) All subpoenaed documents arrive at the Department of Justice on or before the date your Company, through its representative, is scheduled to appear before the grand jury (or on or before such other date agreed upon in writing by your Company and a representative of the Department of Justice); and

(3) The official of your Company responsible for complying with this subpoena submits with the subpoenaed documents a sworn statement:

(a) Stating the name and position of each person assisting in the search for the documents;

(b) Describing all locations searched;

(c) Identifying the documents produced by number; and

(d) Certifying that the documents produced fully comply with the demands of the subpoena and that your Company has

withheld no documents, except on grounds of privilege in accordance with ¶ III.I. or based on an agreement with the Department of Justice to defer production.

E. The documents must be produced in the order in which they are found in the Company's files and in their entirety even when only a portion of a document is responsive to the subpoena. Documents that are found stapled, clipped or otherwise fastened together, or in file folders or other enclosures, must be produced in such form and in such folders or enclosures.

F. The definition of "document" used in this Schedule (see ¶ II.O.) includes data stored in electronic form. The Company should immediately take the following steps to ensure that it preserves all types of electronic data, wherever located, that may be responsive to this subpoena:

(1) <u>Electronic Data to be Preserved</u>. The following types of electronic data should be preserved, in accordance with the steps set forth in Paragraphs (2)-(7), below:

(a) All electronic mail, including any attachments, and all information about electronic mail (including archived email, message contents, header information and logs of electronic mail system usage) and all other electronic communications (including messaging programs) containing information responsive to the subpoena;

7

(b) All files containing information from electronic calendars and scheduling programs responsive to the subpoena;

(c) All user-created files, including word processing files, spreadsheets and presentations, containing information responsive to the subpoena;

(d) All databases (including all records, fields and structural information in such databases) containing any information, or reference to information, responsive to the subpoena;

(e) All logs of activity on computer systems that may have been used to process or store electronic data containing information responsive to the subpoena;

(f) With regard to electronic data created by application programs that process financial, accounting or billing information, all electronic data files containing information responsive to the subpoena;

(g) All electronic data files created or used by electronic spreadsheet programs, where these data files contain information responsive to the subpoena; and

(h) All other electronic data containing information responsive to the subpoena.

(2) Servers/Mainframes. With regard to your Company's servers and mainframes, do not modify or delete any electronic data files

8

existing as of the date of the subpoena that meet criteria set forth in Paragraph F.(1) above, unless a true and correct copy of each such electronic data file has been made and steps have been taken to ensure that this copy will be preserved and accessible for purposes of this grand jury investigation.

(3) <u>Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media</u>. With regard to all electronic media used for storage, including magnetic tapes and cartridges and other media that, at the date of this subpoena, contained any electronic data meeting the criteria listed in Paragraph F.(1) above, stop any activity that may result in the loss of such electronic data, including rotation, destruction, overwriting or erasure of such media in whole or in part. This requirement is intended to cover all removable electronic media used for data storage in connection with your Company's computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes, or other computers, and whether containing active data, backup data, archived data or any other electronic data, for all of your Company's computer systems.

(4) <u>Replacement and Data Storage Devices</u>. Do not dispose of any electronic data storage devices or media that may be replaced due to

9



failure, upgrade or other reasons that may contain electronic data meeting the criteria listed in Paragraph F.(1) above.

(5) **Personal Computers, Personal Digital Assistants ("PDAs") and Local User Hard Drives.** With regard to electronic data meeting the criteria listed in Paragraph F.(1) above that existed on personal, stand-alone computers (including desktops, laptops or home computers used to conduct your Company's business) as well as hand-held devices (including personal digital assistants (PDAs)) as of the date of this subpoena, do not alter or erase such data and do not perform other procedures (such as data compression, disk de-fragmentation or optimization routines, or reassignment of hard drives), which may affect such data, unless a true and correct copy has been made of these active files, copies have been made of all directory listings (including system files) for all directories and subdirectories containing these files and arrangements have been made to preserve copies during the pendency of this grand jury investigation.

(6) **Custom Designed Programs and Utilities.** Preserve copies of all custom application programs and custom database programs that are used to process electronic data responsive to this subpoena.

(7) **Log of System Modifications.** Maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data

10

meeting the criteria listed in Paragraph F.(1) above, regardless of whether these modifications were made by employees, contractors, vendors or any other third party.

G. All data that are stored electronically must be produced in an electronic format. You must communicate with the attorneys for the United States to determine whether the proposed data formats and choice of media will be compatible with the equipment and resources that are available to the grand jury.

H. To facilitate the handling and return of the submitted documents, mark each page with an identifying logo or the first three letters of the Company's name and number the documents sequentially. Produce all documents in enclosures bearing the name of the Company, the date of the subpoena and the paragraph(s) of the subpoena to which the documents respond. Include an index to the documents produced containing a description of the documents produced and an identification of the person in whose files the documents were found and the subpoena paragraph(s) to which the documents respond. Use of this procedure will provide a detailed record of all documents your Company submits and assure their expeditious return at the conclusion of this investigation or any proceeding arising from it.

I. If any document, or part of a document, is withheld under claim of privilege, you must provide the following information about the document:

    (1)    its date;

    (2)    the name and title of its author(s);