UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

       v.                                                  Cr. No. 06-249 (PLF/JMF)

MICHAEL JOHN O'KEEFE, SR.,
SUNIL AGRAWAL,

       Defendants.

---

## MEMORANDUM OPINION

I.    Background

On August 18, 2006, the Grand Jury returned an indictment against defendants Michael O'Keefe, Sr. and Sunil Agrawal ("defendants"). The indictment charged that O'Keefe, a United States citizen, and Agrawal, an Indian national with lawful permanent resident status in the United States, committed three felonies: 1) conspiracy to commit bribery, 2) bribery, and 3) aiding and abetting bribery. Indictment, ¶¶ 3, 7, 8. According to the government, O'Keefe used his official position at the U.S. Consulate in Toronto to expedite interview appointments for the employees of Agrawal's company, STS Jewels, Inc. Id., ¶ 8. The government contends that in return, O'Keefe received "things of value" from Agrawal and that this occurred over a period of 2.5 years. Id.

This case is before me for resolution of defendants' joint Request for International Judicial Assistance (Letters Rogatory) ("Request"). For the reasons stated below, the request will be granted.

II.   Discussion

    A.   Deposition Testimony

        1.   Court's Memorandum Opinion and Order of September 12, 2007

Defendants first sought the issuance of letters rogatory on July 27, 2007. In support of their request, defendants argued that in order to mount their defense, they needed to take the depositions of four Canadian citizens employed by the U.S. Consulate in Toronto. Request at 2. According to defendants, the testimony of these individuals was critical because they were each employed at the US Consulate in Toronto during the period in question and they each had knowledge of that office's practices regarding the scheduling of appointments. Id.

Following a hearing on this matter held on September 12, 2007, I issued a Memorandum Opinion in which I explained why it was appropriate for defendants to take the depositions of these four employees. The rationale behind my decision was two-fold. First, I concluded that defendants had made an adequate showing under Rule 15 of the Federal Rules of Criminal Procedure that exceptional circumstances necessitated the taking of these depositions. United States v. O'Keefe, No. 06-CR-249, 2007 WL 2683635, at *3 (D.D.C. Sept. 13, 2007). Underlying the clear distinction between the availability of a deposition and its ultimate admissibility at trial was my appreciation of the fact that the government may not attempt to determine or limit defendants' possible defenses. Id. at *2. Second, because defendants might argue that the act of expediting interviews was not an "official act" under the statute[1] or that an expedited appointment was extremely easy to obtain, thereby undercutting the government's argument that

---

[1] 8 U.S.C. § 201(b)(1) or (2).

Agrawal and his employees received special consideration, I concluded that the testimony of these witnesses was material and that their depositions should be taken. Id. at *2-3.

    2.    Schedule A

Attached to defendants' request for letters rogatory was an appendix labeled "Schedule A." Schedule A, entitled "Lines of Inquiry for Testimony and Documentary Production," was intended by defendants to guide the examination of the witnesses.

The government contends however that four of the thirty-one lines of inquiry are simply too broad in their scope. Government's Response to Defendants' Proposed Request for International Judicial Assistance ("Response") at 4. According to the government, the four lines of objectionable inquiry are: 1) the witnesses' discussions with O'Keefe regarding expedited visa appointments; 2) the witnesses' knowledge regarding expedited visa interview appointments granted to employees of STS Jewels, Inc.; 3) the witnesses' knowledge regarding changes made to the consulate's expedited visa appointment policies after the indictment of O'Keefe; and 4) the witnesses' knowledge regarding written expedited interview appointment requests and approvals granted by any Canadians employed by the consulate. Id. The government condemns these lines of inquiry as "incredibly broad" or "clearly a fishing expedition into the witnesses' knowledge about the actions of the defendants." Id.

First, inquiring as to the knowledge the witnesses may have about defendants' actions is inquiring as to the issues that are at the very heart of the trial—whether defendants' acts were criminal. What the witnesses know about the expedited visa interview appointments granted STS Jewels, Inc. could not be more relevant. Second, statements by O'Keefe about expedited visa appointments, whether inculpatory or falsely

3

exculpatory, would certainly be admissible. Third, the witnesses' knowledge of the granting of expedited appointment requests by other employees and how the policy might have been changed once O'Keefe was indicted bears on whether the expedited requests O'Keefe was granted were or were not in the ordinary course. As I pointed out in my Memorandum Opinion of September 13, 2007, "the more ordinary and common the behavior, the less likely it was uniquely designed to aid particular person." United States v. O'Keefe, 2007 WL 2683635, at *3. That is still true and therefore what the typical procedure was at the time and how it might have been changed since O'Keefe's indictment are legitimate avenues for inquiry.

Finally, in my Memorandum Opinion of September 13, 2007, I emphasized the fact that the admissibility of the deponents' testimony would be determined by Judge Friedman, either at trial or in *limine*. Id. at *2. It should also be recalled that, under the Federal Rules of Civil Procedure, a deponent may not be directed to refuse to answer a question during a deposition except to protect a privilege or enforce a court order. Fed. R. Civ. P. 30(d). The rule is animated by the obvious desire to eliminate any need to seek court relief during a deposition on the relevancy of every question to which an objection is raised or, if the court is not summoned during the deposition, to have to take the deposition again if the witness refuses to answer the question and the court thereafter rules that the witness should have answered the question. I expect the same procedure to be followed here, even though the Federal Rules of Civil Procedure may not apply to these depositions. In my view, the government is fully protected by making its objection during the deposition but then permitting the witness to answer. Judge Friedman can then rule on that objection if the government assert it at trial.

4

III.   Production of Documents

In addition to the deposition testimony of the four Consulate employees, defendants also request that the deponents bring all documents and/or other physical evidence that relates to the various lines of inquiry detailed in Schedule A. Request at 2. In response, the government protests that the documents have already been produced and that the request is impracticable and unnecessary. Id. at 3. Defendants counter that Rule 15 of the Federal Rules of Criminal Procedure permits such a request. Joint Reply to Government's Response to Defendants' Proposed Request for International Judicial Assistance ("Reply") at 4. Defendants further note that the subpoena requires only that the deponents produce documents within their "possession, custody, or control" and that therefore, defendants only seek documents that would not have already been produced by the government in its response to previous discovery requests—documents such as "email communications sent via personal Internet email accounts, handwritten notes, diaries, or journals, or documents stored in 'personal' space on computers or hardcopy files relating to expedited appointment of celebrities, friends, or other applicants." Id. at 5. Defendants also contend that although the government promised that it would complete all production by August 1, 2007, as of October 2, 2007, the date of defendants' reply, the government was still producing documents. Id. at 6.

I believe that there is an obvious solution to this problem.

It is commonly accepted that documents created by the employees of the United States in the performance of their duties belong to the United States, not to the employees. I therefore expect that government counsel has retrieved from all appropriate depositories or repositories documents that it must produce to these defendants and will,

5

by now, have made them available to the defendants. I further expect that the witnesses to be deposed have by now been directed to make available to government counsel all documents (to include electronically stored information) that they may have created that fall within the defendants' demands and that government counsel has reviewed these documents to ascertain whether they should be turned over to the defendants.

Accordingly, I will require the government to meet my expectations before the depositions are taken. Once the government has done so, I will permit defendants to ask the government whether the witnesses have turned over all the information that I have just described. If the answer is no, then the deposition will have to be interrupted so that the witnesses can retrieve any documents not turned over and give them to government counsel. Government counsel will then examine them on the spot to ascertain whether they should have been produced to the defendants. If the documents should have been produced, the government will make them immediately available to defendants' counsel and the deposition will resume. Obviously, it is in everyone's interest that government counsel makes this inquiry of the witnesses before the depositions begin.

## CONCLUSION

For the above stated reasons, defendants' Request for International Judicial Assistance (Letters Rogatory) will be granted in part and modified in part, as described above. An Order accompanies this Memorandum Opinion.

\_\_/S/_____
JOHN M. FACCIOLA
Dated: November 13, 2007          UNITED STATES MAGISTRATE JUDGE

6