ATTACHMENT A

Case 1:06-cr-00249-PLF-JMF   Document 95-2   Filed 03/14/2008   Page 1 of 6



**AFFIDAVIT**

VENUE.

| United Mexican States | )
|---|
| (Country) | )
| State of Tamaulipas | )
| (State, province, etc.) | ) ss.
| City of Matamoros | )
| (City) | )
| U.S. Consulate Matamoros | )
| (Name of consular post) | )

I certify that on this day the individual named below appeared before me and, being duly sworn, made the statements set forth in the attached instrument.

William E. Shea
(Typed Name of Affiant)

*(signature)*
(Signature of Consular Officer)

Julia Schiff
(Typed Name of Consular Officer)

Vice Consul
(Title of Consular Officer)

03-12-2008
(Date (mm-dd-yyyy))

(SEAL)

DS-1983
06-2000

DECLARATION

I, William E. Shea, Chief, Consular Section, U.S. Consulate, Matamoros, Mexico, do hereby state as follows:

1. I am now and since July 25, 2005, have been the Chief, Consular Section, U.S. Consulate, Matamoros, Mexico. In this position I have supervisory responsibility for (among other things) the functioning of the Visa Section. In my capacity as Chief of the Consular Section, I was responsible at the United States Consulate in Matamoros for coordinating and overseeing the search for and the provision of materials responsive to the April 27, 2007, Memorandum Opinion and Order of the Honorable Paul L. Friedman, United States District Judge for the District of Columbia (hereafter "Order of the Court"). I make the following statements based upon my personal knowledge and information made available to me in the performance of my official duties.

2. U.S. Consulate Matamoros conducted a search in May, 2007, of both electronic and paper record files for all materials responsive to the Order of the Court. One Locally Employed Staff member, Raul Ibarra, and I searched the only paper files in which materials responsive to the Order of the Court could be expected. I provided to the State Department, in response to the Order of the Court, information concerning our policies on expedited appointments, and copies of all documents requesting and approving or denying expedited appointments. Conveniently for purposes of locating materials responsive to the Order of the Court, Mr. Ibarra maintained (and still maintains) a file of these documents. No documents in that file predate August, 2006. The documents consist of correspondence coming into the Consulate in a variety of ways -- as fax, letters or email. Consulate Matamoros staff, including Consular staff and Information Management staff, spent several work hours searching for and preparing copies of materials to be transmitted in response to the Order of the Court. I did not keep track of the exact number of hours this work required at the time.

3. I am aware that the files searched (noted in the previous paragraph) are the only paper files in which responsive materials could be expected, since I personally handled and continue to personally handle all expedited appointment requests, approving the requests or disapproving them. I searched my own paper files in my office for anything responsive to the Court's request. Also, as mentioned above, Mr. Ibarra maintained a file folder of these requests, with my note, which I write on each request itself, either approving or disapproving the request. If I am away from post, my deputy would have either approved or disapproved any requests that would have come in during my absence, and again, Mr. Ibarra would have kept a copy of the request with the approval or disapproval note, in his file folder of such requests. Therefore, any responsive documents would have been located during our physical search, and copies would have been provided to the Government. Nobody else at post would have had reason to have any documents regarding expedited appointments.

4. A description of the flow of the piece of paper by which an expedited appointment is requested may be helpful in demonstrating that all logical sources that might contain

documents responsive to the Order of the Court have been searched. When I receive a request for an expedited appointment, I either approve or disapprove it. Historically, I have approved the vast majority of such requests. Then I call Mr. Ibarra, who does several things. He contacts the individual wishing to receive an expedited appointment, and invites him to come in to the Consulate in an expedited timeframe. Mr. Ibarra makes a copy of the request for an expedited appointment, with my notes on it, and puts it in his file folder with all other expedited appointment requests. He puts the original in an accordion folder, available to the interviewing officers. This is called the "IOF" folder, for Information On File. Mr. Ibarra also gives a copy to the "greeters," the first people who speak with each arriving visa applicant, so that they will know that a person has permission to apply for a visa that day. When the individual with an authorized expedited appointment arrives at the Consulate, the greeters write "IOF" at the top of the person's visa application. When the applicant arrives at the interviewing window to be interviewed concerning his visa application, the interviewing officer will see "IOF" at the top of the application, and will walk to the IOF folder to obtain and review the piece of paper concerning that individual. After reading the paper concerning the individual, the officer may throw it away, staple it to the application, or give it to Mr. Ibarra. If he gives it to Mr. Ibarra, Mr. Ibarra will slot it in his file folder with expedited appointments. This means that there are two, identical copies of the expedited appointment paper in Mr. Ibarra's file folder for some individuals. There is no requirement that the officer attach the expedited-appointment paper to the visa application. If the interviewing officer does attach it to the application, that would be simply a copy of a document that is kept in Mr. Ibarra's file folder of expedited appointment requests.

5. The search of the paper correspondence files and storage locations for expedited appointment requests yielded records of expedited appointment requests dating from August 31, 2006 through the period of the search, May 2007. Consulate Matamoros produced photocopies of all such records in existence at post, including a hard copy of the request, any written discussion, decision and responses. All records from January 1, 2004 through the present, available at post, were searched, with one exception. Any responsive document was copied, and is in the attached materials. The exception is: Post did not conduct a search of the approximately 82,000 visa applications that were physically here at post (those applications received between September 12, 2006 and the period of the search in May 2007) despite the fact that there may have been some expedited appointment papers stapled to them, because such a search would not have been expected to produce any additional material responsive to the Order of the Court. Any expedited-appointment papers found stapled to an application would have been duplicative with those in Mr. Ibarra's folder of such papers. Given that expectation, it would have been a waste of a great deal of employees' time to search through the roughly 82,000 applications. With the exception of a few emails at the beginning of the materials I sent to the Department in response to the Order of the Court, none of the documents I provided was generated prior to August 2006.

6. Per Department of State procedures, Consulate Matamoros forwards the hard copies of all non-immigrant visa applications to the Kentucky Consular Center ("KCC") after approximately one year for cataloging, although, at the time of the May 2007 search, we had

sent all applications received prior to September 12, 2006 to the KCC. I understand that KCC forwards these applications to the National Archives and Records Administration for storage until they are scheduled for destruction in accordance with all applicable laws.

7. The Information Programs Officer (IPO) informs me that Matamoros's search of electronic data on our active servers and available back-up tapes, which are retained for 2 weeks, yielded no responsive emails, word documents or folder information. The parameters of the electronic search included all email and stand alone electronic documents, e.g., documents prepared on our office software applications, regarding expedited appointments located on shared drives, personal drives and hard drives for all consular officers and Locally-Employed Staff who might work with an expedited visa appointment request. Specifically, Consulate Matamoros searched for material maintained in the files or folders of the following individuals, some of whom had already departed post, as well as the specified shared mailboxes: Corinna Ybarra Arnold, Carlos Garcia, Eleazar Paredes, Javier Oceguerra, Carlos Rodriguez, Elsa Barrera, Raul Ibarra, Robert Waldrop, and "Consular Matamoros," an email address available to the public, as well as my own. In my opinion this search involved more individuals than could be expected to have any responsive information. The first four individuals were the longest-serving officers here. Even so, they would not be making decisions regarding requests for expedited appointments, assuming I was at work on a given day. Ms. Ybarra Arnold was the Consular Section's deputy chief (she has since departed post), and so would have had authority to approve or deny requests for expedited appointments if I were not at work on a given day, but again, any copies of such requests would have been maintained by Mr. Ibarra in his file of such requests. Ms. Barrera was the senior Locally Employed Staff person in the non-immigrant visa section, and as such supervised the work of other Locally Employed Staff members in that section, including Mr. Ibarra. However, she would not have personally handled any requests for expedited appointments. During any absence of Mr. Ibarra from work, any Locally Employed Staff member handling expedited-appointment requests in his stead would have left a copy for Mr. Ibarra, at Mr. Ibarra's desk, for him to place in his file of such requests. Therefore, Mr. Ibarra's file would contain copies of requests that came in even on days when he was (for example) on vacation. Mr. Rodriguez is a long-time Locally Employed Staff member in the non-immigrant visa section, and works closely with Ms. Barrera. Again, he does not have any role regarding requests for expedited appointments. Mr. Waldrop was my predecessor as Consular Chief here. The "Consular Matamoros" mailbox will receive miscellaneous emails, some of which could concern requests for expedited appointments, but such requests would have been deleted after being processed.

8. Information Management conducted the search of all shared folders, personnel folders and all e-mail boxes. Nothing was uncovered during this search that would pertain to the court order. The terms used were *expedite, early expedite, appointment, early appointment, interview, expedite interview*. The Information Management Officer conducted the search of all the hard drives in the consular section because he had access to all drives from the network server, not just shared drives. The Information Programs Officer provided me with the results of the searches. There were no items found during these searches.

9. According to the Information Management staff, any emails deleted prior to the search that were not available to be produced at the time of the Order of the Court are not retrievable, and Consulate Matamoros has no way of discovering them. In addition, all of Consulate Matamoros's electronic data, including emails and stand-alone electronic documents, are kept on the server at post with back-up tapes that only go back for two weeks. After two weeks, the tapes are reused, and any deleted items would be destroyed. No other back-up server for electronic documents, either on-site or off-site, exists.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
William E. Shea
Chief, Consular Section
U.S. Consulate
Matamoros, Mexico

Sworn to and subscribed before me this

____ day of _____, 2008

_____
Notary Public

My commission expires: