## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 06-CR-0249 (PLF/JMF)** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL JOHN O'KEEFE, Sr., and** | : | |
| **SUNIL AGRAWAL,** | : | |
| | : | |
| **Defendants.** | : | |

### GOVERNMENT'S OPPOSITION TO
### DEFENDANT AGRAWAL'S PROPOSED ORDER MODIFYING
### <u>CONDITIONS OF RELEASE AND NOTICE OF FILING OF PROPOSED ORDER</u>

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully renews its opposition to Defendant Sunil Agrawal's Motion to Modify the Conditions of Release, which was filed under seal on April 16, 2008, and adopts its arguments set forth in the government's opposition, which was filed under seal on April 18, 2008. On April 24, 2008, the Court ordered both Defendant and the government to file proposed Orders setting forth conditions of release in the event that the Court granted Defendant's motion. On May 1, 2008, Defendant filed a Proposed Order Modifying Conditions of Release (hereinafter "Defendant's Proposed Order"). In accordance with the Court's April 24, 2008, Order, the government hereby provides notice of the filing of the attached proposed Order setting forth alternative conditions of release should the Court grant Defendant's request for modification of his conditions of release.

If the Court is inclined to grant all or part of Defendant's motion to modify his conditions of release, the government opposes the Court's adoption of Defendant's Proposed Order. The conditions enumerated in Defendant's Proposed Order regarding his proposed international travel in no way provide adequate assurances to guarantee his presence at trial. In support of its

opposition, the government states as follows:

Defendant has been charged in a three-count indictment, and one of the pending counts, bribery of a public official,18 U.S.C. § 201(b)(1) and (2), carries a maximum sentence of fifteen years imprisonment. As a preliminary matter, Defendant's risk of flight characteristics have not changed throughout the pendency of this case – he is still a criminal defendant facing serious charges, he is still a foreign national, and he still possesses enormous resources at his disposal should he choose to abscond. Instead, Defendant alleges that conditions caused by the passage of time have led to his professed need to travel outside of the United States.

###    A.    DETAILED INFORMATION ABOUT DEFENDANT'S INTERNATIONAL TRIPS SHOULD BE PROVIDED.

In Defendant's Proposed Order, he proposes taking a series of three trips, each including multiple international destinations, that would occur over a three-month time range. Defendant has failed to specify or make a particularized showing of why each trip to each destination is essential during the listed time frames and why other options, short of him leaving the United States, are not viable. At a minimum, Defendant should provide to the Court such details as the purpose of the trip (e.g., a specific formalized meeting) and the necessity for his presence in the foreign country during each given time frame.

In the event that the Court is inclined to modify Defendant's conditions of release to allow him to travel internationally, Defendant's Proposed Order should not be adopted by the Court. The conditions and terms set forth in Defendant's Proposed Order are either entirely insufficient to reasonably assure his appearance at trial and/or inappropriate requirements.

2

**B.    A HEARING REGARDING THE SETTING OF THE TYPE AND AMOUNT OF BOND IS REQUIRED.**

In setting release conditions, the Court may order a defendant to:

> [E]xecute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require . . .

> [E]xecute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond. . . .

18 U.S.C. § 3142(c)(1)(B)(xi) and (xii).

Paragraph 3(c)(i) of Defendant's Proposed Order states that Defendant shall post an unsecured appearance bond of $40,000 as a condition of being allowed to travel internationally. This amount in the form of an unsecured appearance bond is woefully inadequate to reasonably assure Defendant's return to the United States for trial.  As the Chief Executive Officer of STS Jewels, Inc., a multinational jewelry company, and as the chairman of STS Jewels' parent company, Vaibhav Gems Ltd. ("VGL"), Defendant has access to a great many financial resources were he to abscond.[1]   In accordance with 18 U.S.C. § 3142(c)(1)(B)(xi) and (xii), in order to

---

[1]    For example, Dun & Bradstreet Inc., lists annual sales for STS Jewels alone at over $50.4 million, with gross profit of over $6.7 million, for the period April 1, 2006, to March 31, 2007.

3

properly assess the appropriate bond amount, as well as the type of bond that should be instituted,

a hearing by the Court on the ascertainment of Defendant's income and assets is necessary. At

the hearing, the Court would be able to obtain from Defendant a detailed accounting of his assets

and set a sufficient bond accordingly.

### C.    A DECLARATION BY DEFENDANT REGARDING HIS EXTRADITION AND OTHER RIGHTS SHOULD BE EXECUTED.

As stated in the government's opposition to Defendant's motion to modify conditions of

release, this type of "extradition from any country" agreement is of questionable value in the

event that Defendant fails to return to the United States. Upon consultation with attorneys at the

Office of International Affairs, U.S. Department of Justice, the government was told that no

known foreign country will give effect to "before the fact" waivers by a defendant. However, in

light of the absence of any other mechanism, the government has attached a Declaration to its

Proposed Order, to be signed under penalty of perjury by Defendant and filed with the Court,

which memorializes Defendant's intent to waive any extradition rights he may have in any U.S.

or foreign proceeding, as well as his intent to waive any opposition to use of evidence of his flight

or failure to return at any trial or proceeding in this matter.

### D.    A COURT ORDER TO ALL U.S. GOVERNMENT AGENCIES TO FACILITATE DEFENDANT'S TRAVEL WOULD BE INAPPROPRIATE.

Defendant's Proposed Order sets forth a number of conditions regarding the facilitation of

his travel by the United States Customs and Border Patrol (hereinafter "CBP"), the U.S.

Department of State, and the U.S. Department of Justice. See ¶¶ 6, 9.[2] Law enforcement has

---

[2]    Although not related to his international travel plans, Paragraph 8 of Defendant's Proposed Order also directs the CBP at Dulles Airport to release his green card, which was seized by the authorities upon his arrest.

4

informed the government that no U.S. or international arrest warrant remains outstanding for

Defendant.  However, the government cannot and should not be ordered to "take any steps

necessary to facilitate [Defendant's] travel and reentry into the United States."  See id. at ¶ 9.

Whether any U.S. or international law enforcement agency chooses to stop, search, or question

Defendant, an individual with pending criminal charges for bribery, is something outside of the

Department of Justice's control.  Nor has Defendant listed any precedent for the Court having

authority to impose this type of condition.

**E.      OTHER CONDITIONS OF RELEASE CONTAINED IN THE GOVERNMENT'S PROPOSED ORDER.**

The government has also set forth additional conditions of release in its proposed Order.

Specifically, the government outlined the following conditions not otherwise discussed in this

pleading:

(a)      Defendant Agrawal must file with the Pre-trial Services Office in the Southern

District of New York ("Pre-trial Services") a verifiable itinerary with airline

reservations and hotel and contact information at least one week prior to his

scheduled departure from the United States;

(b)      Defendant Agrawal must notify Pre-trial Services in advance if any unexpected

changes to his itinerary occur;

(c)      Defendant Agrawal may not be absent from the United States more than seven

consecutive days each international trip (including travel days);

(d)      Defendant Agrawal must surrender his passport to Pre-trial Services within

twenty-four hours of his return to the United States, and the government shall be

provided with copies of his passport after each trip, including copies of the inside

5

and outside covers, as well as all pages of the passports;

(e)    Defendant Agrawal's wife and minor children must surrender any and all passports to Pre-trial Services prior to his departure date from the United States and the government be provided copies of the inside and outside covers as well as all pages of the passports; and

(f)    Defendant Agrawal must telephone Pre-trial services daily while outside the United States.

WHEREFORE, for the foregoing reasons, the United States respectfully renews its request that Defendant's Motion to Modify Conditions of Release be denied and that, if the Court decides to modify Defendant's conditions of release, Defendant's Proposed Order not be adopted by the Court, and that the Court order Defendant to appear for a hearing in order to present information about his finances in order for the Court to make an informed determination regarding Defendant's bond.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498610

By:

_____/s/_____

BRENDA J. JOHNSON
DENISE CHEUNG
Assistant United States Attorneys
D.C. Bar Number 370737
D.C. Bar Number 451714
National Security Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-4154
(202) 307-2845
brenda.johnson@usdoj.gov
denise.cheung@usdoj.gov

May 5, 2008