

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center
555 Fourth St., NW.
Washington, D.C. 20530*

April 18, 2008

BY HAND DELIVERY

Bernard S. Grimm, Esquire
Cozen O'Connor
1627 I Street, NW
Washington, D.C. 20006

Thomas C. Green, Esquire
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

Re: United States v. Michael John O'Keefe, Sr. and Sunil Agrawal,
Criminal No. 06-249 (JMF/PLF)

Dear Mr. Grimm and Mr. Green:

This letter is to provide you with additional clarification in response to your inquiry regarding the electronic searches conducted by the six U.S. consulates and/or embassies for responsive materials pursuant the Court's April 27, 2007, memorandum opinion and order and subject to the July 3, 2007, protective order.

After the electronic searches were conducted in the spring of 2007, each post subsequently submitted a declaration regarding its search for both hard copy and electronic responsive materials. Pursuant to the February 19, 2008, Order of the Honorable John M. Facciola, declarations from all six posts were filed further detailing the scope of, among other things, the electronic searches that were conducted.

The February 19, 2008, Order stated that the defendants were to "secure a stipulation from the government that the electronically stored information will be preserved in its native form with metadata." The government plans to file the attached stipulation pursuant to that Order. In summary, the government has already provided you on October 27, 2007, with responsive electronic data in original format for Toronto, Nogales, and Mexico City. Similar responsive electronic data from Ottawa is being provided to you subject to the protective order along with this letter. The attached disk contains the original format of documents previously provided to you as OTT_0001491 through OTT_0001755. Any results from searches of electronic documents conducted by Matamoros and Nuevo Laredo were not provided in electronic format, nor were the searches saved in any way. Consequently, the government is unable to provide any original data format information from these two posts.

In addition to the dictates of the February 19, 2008, Order, you have also inquired as to whether a "new" electronic search could be conducted today on the same material that was searched in the spring of 2007. For instance, could a new search term be run on the computer systems as they existed at the time the original search was conducted. Because none of the six posts "froze" all of the systems on which the electronic searches were conducted at the time the systems were searched, no such additional search is possible. As the declarations have made clear, the computer systems at each post are generally

only backed up for a period of approximately two weeks to one month. These tapes are ultimately reused. In some instances, that is, in Ottawa and Toronto, the computer systems are mirrored on a given date, which allows for the computer system to be frozen in time on a given date and its contents searched.

If you have any questions, please call us and we will see if we can be of further assistance.

Sincerely,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: Brenda J. Johnson
Denise Cheung
Assistant United States Attorneys
National Security Section