**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., NW.
Washington, D.C. 20530

March 5, 2008

<u>HAND DELIVERY</u>

Bernard S. Grimm, Esquire
Cozen O'Connor
1627 I Street, NW
Washington, D.C. 20006

Thomas C. Green, Esquire
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

    Re:  <u>United States v. Michael John O'Keefe, Sr. and Sunil Agrawal,</u>
           Criminal No. 06-249 (PLF)

Dear Mr. Grimm and Mr. Green:

      This letter is to provide you with additional responsive materials pursuant to the Court's April 27, 2007, memorandum opinion and order (hereinafter "Order of the Court") and subject to the July 3, 2007, protective order. All materials provided herein are subject to the protective order and are hereby so designated.

      As previously relayed to you, additional items responsive to the Order of the Court were recently discovered and are being provided to you. In the course of responding to the letters sent to locally engaged staff at the U.S. Consulate in Toronto requesting depositions of certain employees on January 31, 2008, the staff engaged in a discussion on February 12, 2008, as to what types of materials the letter rogatory referred. During the course of that discussion, one of the staff recalled a document that might have relevant information. In the course of the subsequent search, the staff discovered the following items, which were then provided to the government. The items consist of: 1) A printout of the "Non-Immigrant Visa ("NIV") Schedule in Public Folders" calendar with handwritten notations from 2004 - 2007 (TOR_20480 through TOR_21197); 2) Materials from Jane Boyd's special interest folders (TOR_20201 through TOR_20353); and 3) Materials from a folder containing copies of referral forms (TOR_20201 through TOR_20479).

      According to Peggy L. Petrovich, the Visa Unit Chief at the U.S. Consulate in Toronto, the omissions of these items from previous document productions were due to failures of recollection, miscommunications, or misunderstandings on the part of Maribel Ebona, Jane Boyd, Patricia Haye, and Ms. Petrovich. Ms. Ebona, Ms. Boyd, and Ms. Haye had all previously been questioned about responsive documents.

      On February 12, 2008, in the course of discussions stemming from the January 31, 2008, letter, Ms. Ebona recounted that she remembered that she occasionally used to make notations on a printout of the NIV calendar and thought it was possible that a copy might still be lying around the office. A search was immediately conducted, and item 1 was located. The handwritten notations on item 1 were made by Ms. Ebona, who used to work at a walk-up public information window. Back-up employees for Ms. Ebona did not have a similar practice of writing on NIV-calendar printouts, and the walk-up public information window service was discontinued in December 2006. The documents comprising item 1

were located on a shelf that was not customarily utilized following the termination of the public information window that Ms. Ebona solely staffed.

    At the time of the original search, Ms. Boyd had informed Ms. Petrovich that it was her practice to attach all documents from her special interest folders relating to expedited appointments to an applicant's original file, and, therefore, any existing paperwork in the folders would be non-existent after the applicant appeared for an appointment. However, Ms. Petrovich did not understand that documents related to appointments that were not scheduled often remained in the folder until Ms. Boyd had the time to clear the folder. This misunderstanding led Ms. Petrovich to believe that no documents were contained in the special interest folders for the period covered by the Order of the Court. When Ms. Petrovich spoke to Ms. Boyd after her receipt of the January 2008, correspondence, Ms. Boyd went back and searched any documents over which she had control for responsive documents. During her search, Ms. Boyd located item 2 in a box of miscellaneous files located underneath her desk. The contents of the box under Ms Boyd's desk were emails, faxes, letters, and some old files that Ms. Boyd had not had the opportunity to review before packing them up during a recent renovation and office move which occurred after the initial search in the spring of 2007.

    Additionally, the referral folder (item 3) was disclosed by Ms. Haye during this same recent time frame after Ms. Haye also was asked to confirm that no other responsive documents existed. At this point, Ms. Haye inquired whether this file, which happened to contain information about expedited referrals, might contain responsive documents. Ms. Haye stated that she had not thought about the referral folder at the time of the May 2007, search because she was focused on the trail of blue sheets at the time, that is, the standard process for expedited appointment requests.

    As a result of these recent discoveries, Toronto has conducted an additional search for any responsive documents that may have been overlooked. Ms. Petrovich has asked each staff member in the NIV section and all Foreign Service officers at post if anyone has in their workspace or can recall any other possible piece of written or electronic information that may have even the most tangential relationship to expedited appointments for the time period January 1, 2004, to May 31, 2007. The Department of State has re-contacted individuals to determine if they have any documents which might be responsive to the court's order and plan to ensure that a more thorough search is done. As of present, no new information has been discovered other than what is being provided in this production.

    Consequently, the following documents from Toronto, Canada are attached and labeled TOR_20201 through TOR_21197.

                        Sincerely,

                        JEFFREY A. TAYLOR
                        UNITED STATES ATTORNEY

By:           Brenda J. Johnson
                Denise Cheung
                Assistant United States Attorneys
                National Security Section

Attachments