

| SIDLEY AUSTIN LLP | BEIJING | GENEVA | SAN FRANCISCO |
| 1501 K STREET, N.W. | BRUSSELS | HONG KONG | SHANGHAI |
| WASHINGTON, D.C. 20005 | CHICAGO | LONDON | SINGAPORE |
| (202) 736 8000 | DALLAS | LOS ANGELES | TOKYO |
| (202) 736 8711 FAX | FRANKFURT | NEW YORK | WASHINGTON, DC |

dludlow@sidley.com
(202) 736-8266

FOUNDED 1866

February 20, 2008

**By Fax and First Class Mail**

Brenda J. Johnson
Denise Cheung
Assistant United States Attorneys
555 Fourth Street, N.W.
Room 11-441
Washington, D.C. 20530

      Re:    United States v. O'Keefe and Agrawal, No. 1:06-cr-00249-PLF

Dear Brenda:

      This letter will serve to memorialize our agreement to allow the depositions of the four Canadian citizen employees of the U.S. Consulate in Toronto—Jane Boyd, Althea Brathwaite, Maribel Ebona, and Patricia Haye—to take place in Washington, D.C.

      In prior telephone conversations with, and voicemail messages left for, my colleague, David Ludlow, you stated that you were "trying to work through all the[] issues with" respect to the depositions of the Canadian witnesses, and that you had been discussing these "issues" with a number of lawyers in the State Department and the Department of Justice. *See, e.g.*, 2/7/08 Voicemail for D. Ludlow from B. Johnson & D. Cheung. As a solution to avoiding the purported "issues," you proposed to bring the four witnesses to the United States and allow defendants to conduct the depositions in Washington, D.C.

      At the outset, you certainly have the right to consider or deliberate on any "issues" you choose, but those issues never have been explained to defendants. We are aware of no issues—legal or otherwise—that would prevent these depositions from going forward in accordance with the Court's order and with the well-established letters rogatory processes. Accordingly, we are not conceding that there is any impediment to our client conducting these depositions in Canada pursuant to letters rogatory, should he choose to pursue that course.

      However, if you are confirming that the four witnesses are willing to travel to Washington, D.C. (at no expense to the defendants) for deposition, we are willing to conduct the depositions here in our offices. Our willingness to accept this belated offer—after our client has been put to the time and expense of seeking and obtaining an order mandating the depositions in Canada—is purely a professional courtesy and not a waiver of any rights defendants have under law. Defendants expressly reserve all their legal rights with respect to the depositions, including but not limited to, the right to ask all of the questions and obtain all of the information that they are entitled to under the Court orders. *See, e.g., United States* v. *O'Keefe, et al.*, 521 F. Supp. 59,

**SIDLEY**

Brenda Johnson
August 23, 2007
Page 2

62-63 (D.D.C. 2007) ("I will permit defendant to ask the government whether the witnesses have turned over all the information that I have just described. If the answer is no, then the deposition will have to be interrupted so that the witnesses can retrieve any documents not turned over and give them to government counsel."). Moreover, defendants regard the witnesses' and the government's offer to conduct the depositions in the United States as a waiver of any objection—under Canadian law or U.S. law—to conducting the deposition in the United States or to the subsequent use of those depositions in the trial of this matter.

We will contact you at a later date to coordinate a mutually convenient date for the depositions. Thank you for your consideration.

Sincerely,

Thomas C. Green

cc: Sunil Agrawal
Bernard S. Grimm

DC1 1169753v.2