**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 28, 2008

BY U.S. MAIL AND FACSIMILE

Thomas C. Green, Esquire
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

      Re: United States v. Sunil Agrawal, Criminal No. 06-249-02 (PLF)

Dear Mr. Green:

      This letter is in response to your February 20, 2008, correspondence regarding the depositions of Jane Boyd, Althea Brathwaite, Maribel Ebona, and Patricia Haye, all of whom are Canadian nationals employed by the U.S. Consulate in Toronto.

      It is, and always has been, the government's intention, to abide by Judge Facciola's order granting the defendants the right to issue letters rogatory providing for the deposition of these individuals. The government's offer to have the depositions conducted in the United States was in an attempt to facilitate the process as smoothly and expeditiously as possible.

      As you are aware, the defendants first sought the issuance of the letters rogatory on July 27, 2007. A hearing on the matter was held on September 12, 2007. Shortly thereafter, United States Magistrate Judge John M. Facciola issued an opinion granting the defendants' request. On November 14, 2007, Judge Facciola issued a Memorandum Opinion and Order granting and modifying the defendants' letter rogatory request.

      As we have previously expressed, it was the government's impression that upon Judge Facciola's issuance of this order, the defendants immediately filed their letters rogatory request with the Canadian courts through locally-retained Canadian counsel. We were therefore awaiting the issuance of an order by the Canadian courts and fully expected the scheduling of these depositions upon issuance of such an order.

      On February 5, 2008, the government was forwarded a letter from Kelly Friedman of the law firm of Ogilivy Renault, dated Thursday, January 31, 2008, which was written to Patricia

Haye[1] and indicated that Defendant Sunil Agrawal would seek to impose court costs upon the witness if she did not voluntarily consent to being deposed. For example, the letter stated, "If I do not hear from you by that time [4:00 p.m. on Friday, February 8th, 2008] that you will agree to attend an examination as described in the Letters Rogatory, we shall commence proceedings to compel your attendance at such an examination and look to you for the costs of such proceedings.").

Upon receipt of the letter, we immediately contacted your colleague David Ludlow. Mr. Ludlow confirmed that Defendant Agrawal had purposely chosen to wait and had therefore never filed the letters rogatory with the Canadian courts up to the present time. Mr. Ludlow stated that defendants were now seeking to expedite the process and bypass a timely and costly court process by having the witnesses voluntarily consent to have their depositions taken.

A number of issues arose in regards to Ogilvy Renault's letter, including, but not limited to, the permissibility of assessing court fees to a witness in this situation in Canada and representation of the Consulate employees. In an attempt to resolve this situation, the government consulted with U.S. Department of State legal counsel, as well as the U.S. Department of Justice Office of Foreign Litigation. Those offices raised a host of additional legal issues upon reviewing the letter rogatory and Ogilvy Renault letter, some of which you allude to in paragraphs two and three of your letter to us dated February 20, 2008. According to U.S. Department of State legal counsel and the Office of Foreign Litigation, there are significant impediments to conducting the depositions in Canada, for instance, the ability of the Canadian courts to order the provision of U.S. embassy archival records and testimony regarding these records.

In order to avoid engaging in protracted negotiations and/or legal proceedings, and in light of Defendant Agrawal's professed desire to have these depositions occur as soon as possible, upon discussion with U.S. Department of State legal counsel and the Office of Foreign Litigation, the government therefore suggested holding the depositions in the United States. The government agrees to bring the above named persons to Washington, D.C., for depositions with the understanding that you are paying the expenses of the depositions, to include the court reporter.

---

[1] Jane Boyd and Althea Brathwaite also received similar letters. Maribel Ebona did not receive a letter from Ogilivy Renault.

Furthermore, the government and the witnesses are not waiving any issues that pertain to Canadian law or any objections that may apply under Canadian law or United States law. It is our position that the depositions would have the same evidentiary value if they had occurred in Canada. They are subject to the normal rules of admissibility and use at trial, and the government reserves all rights to raise appropriate issues at the appropriate time.

Sincerely,

*Brenda J. Johnson*

Brenda J. Johnson
Denise Cheung
Assistant United States Attorneys

cc: Bernard S. Grimm, Esquire