### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No 1:06-cr-00249-PLF/JMF |
| ) | |
| MICHAEL JOHN O'KEEFE, SR. and ) | |
| SUNIL AGRAWAL, ) | |
| ) | |
| Defendants. ) | |

### REPLY / NOTICE OF COMPLETED BRIEFING

Defendants, through counsel, provide notice to the Court that Defendants' Motion for an Evidentiary Hearing [Docket Nos. 132, 133] is now ripe for decision.

**I.    BRIEFING IS CLOSED ON THE MOTION FOR EVIDENTIARY HEARING**

On August 19, 2008, Magistrate Judge Facciola issued a Report and Recommendation in which he recommended that "an evidentiary hearing … be held on [defendants'] claim that the government violated Judge Friedman's discovery order of April 27, 2007."

On August 22, 2008, Defendants' Response to the Report and Recommendations was converted into a Motion for Evidentiary Hearing. *See* Docket Nos. 132-133. On August 28, 2008, the government filed a Response to the Report and Recommendation in which it opposed conducting an evidentiary hearing. The government has not filed any other opposition to Defendants' Motion for Evidentiary Hearing, which was due by September 9, 2008. With this filing, briefing on defendants' Motion for Evidentiary Hearing is therefore complete, and

defendants request that their motion be granted for the reasons set forth therein—as well as the reasons set forth in Section II below.

## II. AN EVIDENTIARY HEARING IS CRITICAL TO RESOLUTION OF THE DISCOVERY DISPUTE

Recent developments strongly support the request to have the Magistrate Judge conduct an evidentiary hearing to resolve the discovery issues in this case.

After over 16 months, the government—and in particular, the State Department—apparently has decided to begin taking this Court's discovery orders seriously. In the last month, the government requested the belated assistance of the Computer Investigation and Forensics Branch ("CIF"). More important, the government now claims to have discovered "new" sources of electronic data. Accordingly, the government now asserts that its prior representations—which were relied upon by Magistrate Judge Facciola in his Report and Recommendation—were *untrue* and that "new electronic searches could be conducted today." *Cf.* 4/18/08 Ltr. from AUSA Johnson [Docket No. 115, Ex. 2] *and* Gov't Stipulation Regarding Electronic Searches (April 18, 2008) [Docket No. 114] *with* Gov't Response at 2 [Docket No 139].

Although it appears some electronic data have been recovered, there is no indication that these discoveries will "cure" the violations of the Court's discovery orders.

*First*, the government misrepresents the value of any newly discovered "backup tape" data. On Thursday, September 4, 2008, defendants' forensic expert, Brett Harrison, visited the State Department's CIF lab in Rosslyn, Virginia. During that visit, it was established that the government itself did not yet fully know the source, contents, or value of the backup tapes in its possession. At defendants' request, the government therefore agreed to provide a complete

written explanation of the data and its origins as soon as it completed its "investigation." That explanation is still forthcoming.

*Second*, Mr. Harrison was able to perform a limited examination of the subject backup tapes which was sufficient to establish that the newly discovered backup tapes do not cover <u>all</u> sources of data that the consulate has conceded to be relevant. *See, e.g.*, P. Petrovich 1st Decl. at ¶¶ 6-7. The ability to conduct new searches on some limited subset of sources could not remedy the destruction of other responsive and material documents. *See, e.g.*, *Keithley* v. *The Homestore.com, Inc.*, Case No. C-03-04447 SI, slip op. (N.D. Cal. Aug. 12, 2008) (Order for Monetary Sanctions and Report and Recommendation for Adverse Inference Instruction to Remedy Discovery Misconduct).[1]

*Finally*, at bottom, all of the government's recent efforts and arguments focus on remedies, rather than on demonstrating good faith compliance with the Court's orders in the first

---

[1] In a case of procedural similarity, Magistrate Judge Laporte explained:

> [T]he Court has held several hearings and received extensive briefing on the spoliation issue, which became a moving target because of Defendants' belated production of evidence that it had previously stated was either nonexistent or destroyed. The Court is very troubled by Defendants' late production, particularly given Defendants' representations to the Court that some of these documents no longer existed….
>
> The discovery misconduct by Defendants in this case is among the most egregious this Court has seen. Not only have Defendants made representations to Plaintiffs that have turned out to be false or misleading, they have also made material misstatements to the Court on more than one occasion. At least some spoliation … has occurred in this case, although the extent of that destruction was not as extensive as was once thought, due to Defendants' very belated production of responsive documents from alternative sources that it only recently bothered to identify and search. While the Court does not impose sanctions of any type lightly … this is an unusual case in which Defendants' conduct warrants stiff monetary, as well as evidentiary, sanctions.

*Keithley* v. *The Homestore.com, Inc.*, Case No. C-03-04447 SI, slip op. at 1-2 (N.D. Cal. Aug. 12, 2008); *see also United Med. Supply Co., Inc.* v. *United States*, 77 Fed. Cl. 257, 274 (2007) ("It is the duty of the United States, no less than any other party before this Court, to ensure, through its agents, that documents relevant to a case are preserved. Indeed … a good argument can be made that, as the enforcer of the laws, the United States should take this duty more seriously than any other litigant.").

place. The belated discovery of more electronic data raises more questions than it answers, including the most obvious questions:

- Who—if anyone—searched for this data 15 months ago? If no effort was made to identify or locate this data, who is responsible for that failure?

- What—other than the Report and Recommendation—triggered a search in 2008 for sources of documents that were ordered to be produced in 2007?

- And—most important—what categories of documents have been lost as a result of the belated efforts to comply with Court orders?

In sum, this "newly discovered" data does not "cure" the problem identified in the Report and Recommendation. It does, however, bolster Defendants' showing that the consulate did little or nothing to conduct a good faith search of electronic documents in the first instance.

For all these reasons, defendants respectfully request that their Motion for Evidentiary Hearing be granted and that the hearing recommended in the Magistrate Judge's Report and Recommendation be scheduled before the Magistrate Judge at a time convenient to the parties and the Court.

Dated: September 10, 2008

_____/s/_____
Thomas C. Green (D.C. Bar #14998)
Mark D. Hopson (D.C. Bar #394338)
David J. Ludlow (D.C. Bar #489136)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005